In the Matter of the Estate of BENJAMIN W. SHERWELL, Deceased.

By the provision of the Collateral Inheritance Act (§ 1, chap. 483, Laws of 1885, as amended by chap. 713, Laws of 1887) exempting from the taxation imposed by the act " an estate which may be valued at a less sum than five hundred dollars," it was not the intention to exempt all taxable estates to the extent of the sum named, but to limit the estates upon which the tax shall be imposed.

Where, therefore, an inheritance or testamentary gift coming within the general terms of the act exceeds in value the sum of $500, the whole thereof is taxable; if the value is less than that sum, as to it, the act is wholly inoperative.

The act does not grant exemption from taxation in certain cases, but
defines the cases in which the taxing power is applied, as new objects
for taxation.

*It seems* the legislature is not controlled as to the extent of taxation of
property within the state, or in the selection of its subjects for the rais-
ing of revenue for state uses, save where restrictions may be found in its
Constitution.

So, also, in imposing a special tax upon all persons within a certain class,
there is no violation of fundamental principles.

(Argued January 12, 1891; decided January 27, 1891.)

APPEAL from order of the General Term of the Supreme
Court in the second judicial department, made January 2,
1891, which reversed an order of the Surrogate's Court of
Kings county declaring three certain legacies under the will of
Benjamin Sherwell, deceased, exempt to the amount of $500
each.

Decedent, at the time of his death, resided in England. He
left a will which was duly admitted to probate in that country,
and letters of administration, with the will annexed, were
issued by the surrogate of the county of Kings.

The administrator petitioned for an order fixing the amount
of tax to be imposed under the Collateral Inheritance Act
upon the sum of $4,896.25 going to three residuary legatees
under the will.

The surrogate decided that the sum of $500 should be
deducted from the share of each of the legatees, and so, that
$1,500 should be deducted from the fund, and the balance only
should be assessed for the purposes of taxation under the act.

*Charles H. Otis* for appellant. The share of each niece is
exempt from taxation under the act to the amount of $500.
(Laws of 1887, chap. 713, § 1.) It is a fundamental principle
to be applied to all systems and subjects of taxation, whether
the tax be general or against a particular class, that the burden
shall be borne as nearly equally as possible among the mem-
bers of the class taxed. (Cooley on Tax. [2d ed.] 169.) The
respondent errs in contending that every one whose legacy or

distributive share is less than $500 is exempt for the full
amount; but those whose legacy or distributive shares exceed
that amount are subject to be taxed for the full amount. (2
R. S. [8th ed.] 1083, §§ 4, 5; Code Civ. Pro. §§ 1397, 1402;
U. S. R. S. 679, chap. 10, § 3438.)

*P. E. Callahan* for respondent. If the clause "provided
that an estate which may be valued at a less sum than five
hundred dollars shall not be subject to such duty or tax," be
construed to work an exemption in whole or in part of estates
which may be valued at a greater sum than $500, words which
have a precise and definite meaning are forced away from
their proper signification and the greatest violence is done to
the use of language. (*Johnson* v. *H. R. R. R. Co.*, 49 N. Y.
455; *Benton* v. *Wickwire*, 54 id. 226; 2 Pars. on Cont. 495.)
It has been the uniform rule to tax the entire legacy when the
value equals or exceeds the sum of $500. (*In re Kavanagh*,
24 N. Y. S. R. 404; *In re Peck*, 30 id. 209; *In re McCready*,
10 id. 696; Redfield's Surrogate Prac. [8th ed.] 571; *In re
Bird*, 32 N. Y. S. R. 899.) The collateral inheritance tax is
not one levied upon property, but upon the privilege of taking
the property, and does not come within the constitutional
requirement, that all taxes shall be equal and uniform. (*In re
McPherson*, 104 N. Y. 306; *In re Euston*, 113 id, 182;
*Wallace* v. *Myers*, 38 Fed. Rep. 184; *Eyre* v. *Jacobs*, 14
Gatt. 422.) The power of the legislature to classify subjects
of taxation is unlimited, and so long as under like conditions
and circumstances all would get the benefit of the privileges
conferred, the tax is equally imposed. (*S. M. Co.* v. *Wright*,
33 Fed. Rep. 121; *State* v. *L. Ins. Co.*, 40 La. Ann. 463;
*Wallace* v. *Myers*, 38 Fed. Rep. 184.)

GRAY, J. The question we are asked to review is, what
construction shall be given to so much of section 1, of chapter
713, of the Laws of 1887, as reads: "All property which shall
pass by will * * * from any person, who may die seized
or possessed of the same, * * * to any person or persons

\*   \*   \*   shall be and is subject to a tax of five dollars on every hundred dollars of the clear market value of such property, and at and after the same rate for any less amount, \*   \*   \*   for the use of the state   \*   \*   \*   *provided that an estate which may be valued at a less sum than five hundred dollars shall not be subject to such duty or tax.*"

The surrogate held that it was the intention of the legislature that all taxable estates should be exempt from taxation to the extent of $500, and he, therefore, allowed a deduction from each of the legacies in question of that amount, leaving the balance for assessment for purposes of taxation under the act. The General Term reversed this decision; holding that the legislative intent was to limit the estates upon which the tax should be imposed.

We think their decision was clearly right.

The legislature is not controlled as to the extent of taxation of property within the state, and in imposing a special tax upon all persons within a certain class, there is no violation of fundamental principles. The tax is one which applies to all cases which are described in the act. Whether the object of the taxation be regarded as the property which passes, or the person who takes, is a wholly immaterial question. The legislature is not restricted in the selection of its subjects for the raising of revenue for state uses. In such respects it is sovereign, and is without other control than the restrictions found in the fundamental law of the state.

What it has done in this act of legislation is to impose a certain tax in every case where there is a succession to, or devolution of property of the value of $500 and upwards. As the tax is made to apply to every estate, which is bequeathed or devised to, or inherited by, the persons specified in the act, it is equal and, therefore, free from objection on legal grounds. It is not correct to say that this act is one which grants exemption from taxation in certain cases: It defines the cases in which the taxing power is applied as new objects for taxation. If the inheritance, or the testamentary gift, amounts to $500 or more, then the act operates to create a liability in favor of the

state to the extent mentioned; but if it is less, the act is wholly inoperative.

The order of the General Term should be affirmed, with costs. All concur.

Order affirmed.