(Surrogate's Court, New York County. November 2, 1893.)

1. TRANSFER TAX—EXEMPTIONS—VALUE OF LEGACY.

Laws 1892, c. 399, § 2, exempts property of less value than $10,000, and section 22 provides that the words "estate" and "property," as used in the act, shall be taken to mean the property or interest therein of the testator, and not the property or interest transferred to individual legatees. *Held*, that where $50,000 is bequeathed to executors to pay the income to a person for life, and to pay the principal on the death of the

life beneficiary to another person, the interest of the life beneficiary is taxable, though its appraised cash value at the death of testator is less than $10,000.

**2. SAME—CONTINGENT INTEREST.**

Where the income of a fund is bequeathed successively to two persons for life, and the principal to another in case she survives the life beneficiaries, with a limitation over in case she does not survive, the interest of the remainder-man is not within Laws 1892, c. 399, § 3, providing that, in case of contingent estates which are determinable on the happening of an event by reason of which the market value thereof cannot be ascertained at the time of the transfer, the tax thereon shall not be due and payable until the interest comes into actual possession of the transferee, but is taxable as of the time of testator's death.

Appraisement of the estate of Ella S. Hoffman for taxation, under Laws 1892, c. 399, entitled "An act relating to taxable transfers of property." From the appraisement certain legatees appeal. Affirmed.

Butler, Stillman & Hubbard, (Arthur H. Van Brunt, of counsel,) for the executors.

Charles H. Daniels, special guardian.

Wensley & Gilroy, for the comptroller.

RANSOM, S.   Testatrix died November 7, 1892.   By the fourth clause of her will she bequeathed to her executors and trustees—

"The sum of $50,000, to have and to hold the same as long as my mother * * * and my daughter, * * * or either of them, shall live, upon the following trusts, viz.: To invest the same and keep the same invested; * * * to collect the rents, income, and profits arising from said $50,000 as long as my said mother and daughter, or either of them, shall live; to pay over to my mother, as long as she shall live, the net income arising from said $50,000, hereinbefore directed to be invested, in as nearly as may be equal quarterly payments.   In case of the death of my said mother during the lifetime of my said daughter, * * * I hereby direct that from and after the death of my said mother the net income arising from the said $50,000, hereinbefore directed to be invested, be paid to my said daughter as long as she shall live, and upon her death I direct that the said $50,000 be paid to her issue, if any shall then be living; but if she shall die without leaving any issue her surviving, she having survived my mother, then, upon her death without issue her surviving, the said fund is to be paid and divided equally between two nieces named, or their respective personal representatives.   In case my said daughter shall not be living at the death of my said mother, upon the death of my said mother I direct that said $50,000 be paid over to the issue of my said daughter, if any such issue shall then be living."

—But if, at the death of the mother, the daughter shall be dead, and there is no issue of the said daughter then living, the fund in question is to be divided between the said two nieces, or their respective legal representatives, equally.   The appraiser reported the value of the income for the life of the mother in the principal fund at $9,385, the value of the income for the life of the daughter after the termination of the said life estate in the mother at $25,428, and the value of the remainder interest given to the issue of the said daughter after the two life estates created by the terms of the will at $15,187.   At the time of the said appraisement the daughter was alive, and there was one child living of the said daughter. An order was entered fixing the tax accordingly upon the values thus as-

sessed, from which the executors and the special guardian for the infant remainder-man appeal to the surrogate.

The first error alleged is that, the cash value of the legacy to the mother having been assessed at less than $10,000, it is exempt. It may be well at the outset to refer briefly to the rule adopted by the court of appeals in the construction of this statute. In Re Enston's Will, 113 N. Y. 174, 21 N. E. 87, referred to with approval in Re Stewart, 131 N. Y. 282, 30 N. E. 184, the court says:

"Where the question is whether a certain subject of taxation is embraced within the act and brought within the power of taxation, the statute should be strictly construed in favor of the citizen, since it assumes to impose a special burden upon the particular property and persons, and is not in any proper sense a general tax."

In Re Estate of Nettleton, Sur. Dec. 1892, p. 587, it was held that, where the entire personal estate amounted to $90,000, a bequest of $5,000 to a brother of testator was liable to taxation, under sections 2 and 22 of chapter 399 of the Laws of 1892. No memorandum of opinion accompanied this decision. Section 22 of the act defines the words "estate" and "property" as used in the act, and declares that they "shall be taken to mean the property or interest therein of the testator, * * * passing or transferred to those not herein specifically exempted from the provisions of this act, and not as the property or interest therein passing or transferred to individual legatees." The intention of the legislature is made more evident by a paraphrase of section 2, and substituting the definition of the word "property" for that term wherever employed; thus: When the property of the testator, or any interest therein, passes to or for the use of the wife of the decedent, such transfer of the property of the testator shall not be taxable, unless it (the property of the testator which passes to individual legatees) is personal property of the value of $10,000 or more. It is the value of the personal property of the testator which passes to those not exempted, and not that which is transferred to individual legatees, which determines the question of liability. See, also, Estate of Flynn, Sur. Dec. 1893, p. 127. The decision in Re Wheeler, (Surr.) 22 N. Y. Supp. 1075, cited by counsel for the executors, assumes that the individual interest passing must be less than $10,000 in order to entitle the same to exemption. The opinion discusses the law solely with reference to the existence of the mutually acknowledged relationship of parent and child between the legatee and testator.

The second error alleged is the assessment of the value of the income of the fund, after the death of the widow, for the life of the daughter; and the third error refers to the assessment of the remainder interest going to the issue of said daughter. It will be well to refer again to the rule of construction adopted in Re Enston, supra. "Where a particular subject is within the scope of that section, and exemption from taxation is claimed, on the ground that the legislature has not provided proper machinery for accomplishing the legislative purpose in the particular instance, a liberal rather than a strict construction should be applied; and if, by a fair and reasonable construction of its provisions, the pur-

pose of the statute can be carried out, that interpretation ought to be given to effectuate the legislative intent." In re Stewart, supra. Where similar questions have arisen under the acts prior to chapter 399 of the Laws of 1892, it has been invariably passed upon adversely to the claim of the executors. Estate of Ferrer, Sur. Dec. 1892, p. 45; Estate of Hyde, Id. p. 201; Estate of Roosevelt, Id. p. 222, and cases cited; Estate of Cunningham, Id. p. 439. The estates passing by the terms of the will to the daughter and her issue are contingent or expectant estates, the enjoyment of which are postponed, although the estates or interests have a present legal existence. They are future interests, not transmissible to their respective representatives in case they, or either of them, die before they vest in possession. Estates of this character have been taxable under all the acts relating to the taxation of property passing from a decedent. Section 1 of the acts of 1885 and 1887, and subdivision 3, § 1, c. 399, of the act of 1892, impose a tax "when any such person or corporation becomes beneficially entitled in possession or expectancy to any property, or to the income thereof." Such estates are also referred to in sections 3, 7, 11, and 13 of the act of 1892. In Re Will of Cager, 111 N. Y. 344–349, 18 N. E. 866, which arose under the act of 1885, it was held that "when the present value of property which is devised to one with a limitation over to others, upon the happening of some event which may or may not occur, can be ascertained, then a ground upon which an approximate estimate of the value of the ultimate devise appears, and it may be made. In the case mentioned the act enables a tax to be imposed and collected upon the ulterior devisees, through the medium of a bond to be given by the respective legatees, payable when they come into the possession of the devised property." In Estate of Stewart, supra, the court said: "The obvious intent of the legislature was to impose a tax on every interest, immediate or future, derived under the testator or intestate, not embraced in the exception." The point to be decided here is of very great importance, in view of the provisions of section 3, c. 399, of the Laws of 1892, which is new, which provides that, in case of contingent estates which are determinable upon the happening of an event by reason of which the fair market value thereof cannot be ascertained at the time of the transfer, the tax thereon shall not be due and payable until the interest passing comes into the actual possession of the transferee. If it be held that the interests passing under this will cannot be now assessed, the tax, under the provisions of the section referred to, will not become due until the legatee comes into actual enjoyment of the property, and meanwhile no interest will run upon the amount of the tax. The infant remainder-man's interest is over $15,000, in ascertaining which valuation the fact that the estate would not vest in possession until a future time was taken into consideration. The order entered herein on the report of the appraiser was correct, and is affirmed.