(6 Misc. Rep. 277.)

## In re TAYLOR'S ESTATE.

(Surrogate's Court, Cattaraugus County. December, 1893.)

TRANSFER TAX—AMOUNT OF LEGATEE'S INTEREST.

Laws 1892, c. 399, § 2, providing that a transfer of property by will, or under the intestate laws, to any wife, child, etc., shall not be taxable, unless it is personal property of the value of $10,000 or more, imposes a tax on the right of succession to estates of $10,000 in value, though each of the individual beneficiaries takes less than $10,000; section 22 providing that the word "property" shall be taken to mean the interest passing to the beneficiaries.

Assessment of the estate of decedent for taxation.

J. R. Leonard, for legatees.

H. O. Wait, County Treasurer, in pro. per.

DAVIE, S. The testator died February 10, 1893. His will was admitted to probate on the 25th of the same month. On the 28th day of March, 1893, an appraiser was appointed, pursuant to the provisions of section 11 of the act entitled "An act in relation to taxable transfers of property," (chapter 399, Laws 1892,) who filed his report November 25, 1893, from which it appears that the testator died possessed of personal property of the value of $21,329. The debts, funeral expenses, and estimated expenses of administration are $1,117.79, leaving for distribution under the will $20,211.27. The testator bequeathed to his widow $4,000 absolutely; also, certain real estate and specific articles of personal property; also, the use and income during her life of all the testator's other property. The value of the personal estate bequeathed to the widow absolutely is $4,335, and of her life estate in the other personal property, $4,406.50, making total value of the widow's interest under the will, in the personal estate of testator, $8,741.50. Testator bequeathed to each of his two daughters the sum of $8,000, to be paid upon the expiration of the widow's life estate; to one son, certain notes and evidences of indebtedness held against him by testator, directing that the same be canceled and surrendered up on the death of the widow; and to another son testator devised a certain farm, and bequeathed to him a portion of the personal property thereon. The legatees being the widow and children of the testator, the real estate devised to them is exempt from taxation, (section 2, c. 399, Laws 1892,) and it is claimed on behalf of the legatees that, inasmuch as no individual legacy of personal property equals in value $10,000, no portion of the estate is taxable. Section 1 of the act referred to provides that:

"A tax shall be and is hereby imposed upon the transfer of any property, real or personal, of the value of five hundred dollars or over, or of any interest therein, or income therefrom, in trust or otherwise, to persons or corporations not exempt by law from taxation on real or personal property in the following cases: (1) When the transfer is by will or by the intestate laws of this state, from any person dying seized or possessed of the property while a resident of the state. * * * Such tax shall be at the rate of five per cent. upon the clear market value of such property except as otherwise prescribed in the next section."

Section 2 of the act provides that:

"When the property or any beneficial interest therein passes by any such transfer to or for the use of any father, mother, husband, wife, child," etc., "* * * such transfer of property shall not be taxable under this act unless it is personal property of the value of ten thousand dollars or more, in which case it shall be taxable under this act at the rate of one per centum upon the clear market value of such property."

The contention of the legatees in this case is that under the provisions of this act the liability of any legacy or distributive share to taxation must be determined solely from the size of such share or legacy, without regard to the total value of the estate; that no legacy to, or distributive share of, any of the persons named in section 2, is liable to taxation, unless it be personal property of the value of $10,000 or more. This is a question of considerable importance, and one worthy of careful consideration. Chapter 483 of the Laws of 1885 provided that:

"After the passage of this act, all property which shall pass by will or by the intestate laws of this state, from any person who may die seized or possessed of the same, while being a resident of the state, or any part of such property, or any interest therein or income therefrom * * * to any person or persons," etc., "* * * other than to or for the use of father, mother, husband, wife, children," etc., "* * * shall be and is subject to a tax of five dollars on every hundred dollars of the clear market value of such property," etc., "* * * provided that an estate which may be valued at a less sum than five hundred dollars shall not be subject to said duty or tax."

Substantially, the same language is retained in the amendment of 1887, (chapter 713, Laws 1887,) and the further amendment of 1891, (chapter 215, Laws 1891,) but section 1 of the act of 1891 provides:

"When the beneficial interest to any personal property or income therefrom shall pass to or for the use of any father, mother, husband, wife, child," etc., "* * * the rate of such tax shall be one dollar on every hundred dollars of the clear market value of such property * * * provided that an estate which may be valued at a less sum than ten thousand dollars shall not be subject to any such duty or tax."

In none of the acts bearing upon this question, prior to the present act, is found any definition of the particular meaning of the terms "estate" and "property," as used therein, nor was there anything in the phraseology indicating with any degree of certainty whether these terms were applicable to the property of the testator in the aggregate, or simply to the share of the individual legatee or distributee; and accordingly the courts, regarding this legislation as somewhat penal in its character, and believing that it should receive a liberal construction in favor of those upon whom it was sought to impose the burden, held that these terms applied to the individual legacy or share, and not to the entire estate. In re Cager, 111 N. Y. 343, 18 N. E. 866; In re Howe, 112 N. Y. 100, 19 N. E. 513; McVean v. Sheldon, 48 Hun, 163. In Re Howe, above cited, the court says that:

"The tax is not imposed upon the estate of which she was seised or possessed, but only upon so much of it as passes to certain persons,—not all persons or any person."

By section 23 of the present act, all former legislation upon this subject was repealed, and the provisions of chapter 399 of the Laws of 1892 substituted in place thereof; and the confusion and uncertainty which had arisen in the application of the former acts as to the significance of the terms "estate" and "property" undoubtedly occasioned a distinct definition of these terms to be incorporated in the present act. Section 22 provides that:

"The words 'estate' and 'property' as used in this act shall be taken to mean the property or interest therein of the testator, intestate * * * passing or transferred to those not herein specifically exempted from the provisions of this act, and not as the property or interest therein passing or transferred to individual legatees, devisees," etc.

Under such definition, there can be no doubt regarding the liability of estates, either real or personal, of the value of $500, passing to persons other than those designated in section 2, however small the individual shares, nor could any doubt exist in relation to the liability of those persons named in section 2, were it not

for the expression contained in such definition, "passing or transferred to those not herein specifically exempted from the provisions of this act." Those words, however, render the definition itself ambiguous, and the question arises, when are the persons designated in section 2 "specifically exempted?" Are they so exempted in every case where the individual share is not of the value of $10,000 personal, or are they deprived of the privilege of specific exemption by the fact that the total personal estate of the deceased is $10,000 or more personal? I am clearly of the opinion that it was the design and intention of the legislature, as expressed in chapter 399 of the Laws of 1892, and as defined by section 22 of that act, to impose a tax upon the right of succession to estates of certain size, without regard to how such estate might be subdivided in such succession. Section 2 prescribes the time when the persons designated therein cease to be exempted persons, in the following words: "Unless it is personal property of the value of ten thousand dollars or more." The antecedent of the pronoun "it" is, very plainly, the word "property," as used in the beginning of section 2. Then, substituting in the place of the pronoun its antecedent, defined as prescribed in section 22, the condition upon which such persons ceased to be exempted would be, "unless the property of the testator or intestate is personal property, and of the value of ten thousand dollars or more." In re Hoffman's Estate, 5 Misc. Rep. 439, 26 N. Y. Supp. 888; Estate of Nettleton, Sur. Dec. 1892, p. 399. A careful examination of this subject leads me to the conclusion that, in every instance where the total personal property of an intestate or testator passing to the persons named in section 2 equals or exceeds $10,000, the liability to taxation under the provisions of said act at the rate of 1 per cent. exists, and in every case where such property, real or personal, passing to persons other than those named in section 2, is of the value of $500 or more, the liability to tax at the rate of 5 per cent. exists, and that in neither case is such liability affected by the size of the individual shares. A decree will accordingly be made, determining the amount of tax to which this estate is liable to be 1 per cent. of $20,211. Decree accordingly.