In re BLISS' ESTATE.

(Supreme Court, Appellate Division, Second Department. June 9, 1896.)

TRANSFER TAX—EXEMPTIONS.

Laws 1892, c. 399, imposes a tax on the transfer of any property of the value of $500 or more to persons not within the exemptions of the act. Section 2 provides that a transfer to a sister shall not be taxable unless it is personal property of the value of $10,000, but that a devise or bequest to any person who is a bishop, or to any religious corporation, shall be exempt. Section 22 provides that the words "estate" and "property" shall mean the property or interest of testator, etc., and not of the persons to whom the interest passes. *Held*, that a sister of intestate is specifically exempted by the statute, and her share is not to be considered in determining whether intestate's property amounted to $500.

Appeal from surrogate's court, Kings county.

Appraisal under the transfer tax law (Laws 1892, c. 399) of the property of Lathrop W. Bliss, deceased. From an order of the surrogate declaring the property exempted from taxation the county treasurer appeals. Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Robert B. Bach, for appellant.
Charles H. Otis, for respondent.

CULLEN, J. Lathrop W. Bliss died intestate, leaving as next of kin one sister and two nephews, the children of a deceased sister. The net value of his estate to be distributed was $829.16. Of this sum $414.58 passed to the sister, and $207.29 passed to each of the nephews. The county treasurer contends that the distributive shares of the nephews are subject to the transfer tax, because the

whole property of the decedent exceeds the sum of $500. This claim the surrogate overruled. The provisions of the act relative to taxable transfers of property (chapter 399, Laws 1892) controlling this subject are as follows:

"Section 1. A tax shall be and is hereby imposed upon the transfer of any property, real or personal, of the value of five hundred dollars or over, or of any interest therein or income therefrom, in trust or otherwise, to persons or corporations not exempt by law from taxation on real or personal property in the following cases: (1) When the transfer is by will or by the intestate laws of this state from any person dying seized or possessed of the property while a resident of the state. * * *

"Sec. 2. Exceptions and Limitations. When the property or any beneficial interest therein passes by any such transfer to or for the use of any father or sister, * * * such transfer of property shall not be taxable under this act, unless it is personal property of the value of ten thousand dollars or more, in which case it shall be taxable under this act at the rate of one per centum upon the clear market value of such property. But any property heretofore or hereafter devised or bequeathed to any person who is a bishop or to any religious corporation shall be exempted from and not subject to the provisions of this act."

"Sec. 22. Definitions. The words 'estate' and 'property' as used in this act shall be taken to mean the property or interest therein of the testator, intestate, * * * passing or transferred to those not herein specifically exempted from the provisions of this act and not as the property or interest therein passing or transferred to individual legatees, devisees * * *."

It thus appears that under the statute, while the distributive shares passing to the nephews do not exceed in the aggregate the sum of $500, still those shares will be subject to taxation in case the whole property of the intestate passing to persons not by the act specifically exempted exceeds the sum of $500. The only question presented is, therefore, whether the sister of the intestate is "specifically exempted" by the statute. We think it clear that she is. The counsel for the appellant concedes that bishops and religious corporations are exempted from the provisions of the act, and that, if any part of the estate had passed to them under the distribution, such part would not be considered in determining whether the property exceeded $500 or not. The exemption from taxation of devises or bequests to bishops and religious corporations is found in the same section as the exemption of the father, mother, or sister, in case the personal property is less than $10,000. We think the father, mother, or sister is as truly exempted as the bishop or religious corporation. There is this and only this difference between these two classes: The bishop or religious corporation is specifically exempted in all cases; the father, mother, or sister, etc., are exempted only in case the estate does not exceed $10,000. But as to both these classes the exemption is specific. As the distributive share passing to the sister was less then $10,-000, it is not to be added to the distributive shares passing to the nephews in ascertaining whether such last-named distributive shares are subject to taxation.

The order appealed from should be affirmed. All concur.