In the Matter of the Appraisal of the Estate of JAMES F. CORBETT, Deceased, under the Transfer Tax Act.

CORNELIUS CORBETT, as Administrator, et al., Appellants; THE COMPTROLLER OF THE STATE OF NEW YORK et al., Respondents.

TAX — TRANSFER TAX UPON ESTATE OF DECEDENT — AGGREGATE AMOUNT OF ESTATE, NOT AMOUNT OF PARTICULAR ESTATE, MUST BE LESS THAN $10,000 TO BE EXEMPT FROM TAX — L. 1896, CH. 908, §§ 221, 242. Under the provisions of the statute relating to taxable transfers (L. 1896, ch. 908, § 221, as limited and defined by § 242), it is the aggregate amount of the personal property of the estate left by a decedent and not the amount of the particular estate, or specific share or legacy, which passes from, or is transferred by, the decedent, which determines whether the tax shall be imposed or not, and when the aggregate amount of the personal property exceeds the sum of $10,000, a tax must be imposed upon each and all of the estates which are exempted therefrom when the aggregate amount of the personal property does not exceed the sum of $10,000, except upon legacies to a bishop or any religious corporation.

*Matter of Corbett*, 55 App. Div. 124, affirmed.

(Argued June 9, 1902; decided June 17, 1902.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 20, 1900, which reversed a decree of the Washington County Surrogate's Court revoking a tax previously imposed upon the interest of Ellen Corbett and James Corbett in the estate of James F. Corbett, deceased.

The facts, so far as material, are stated in the opinion.

*Lewis E. Carr* and *Edgar Hull* for appellants. The order of the Appellate Division reversing the decree of the surrogate and subjecting the shares of the brother and sister to a tax was erroneous, because those shares together did not amount to $10,000, and were, therefore, exempt from taxation. (*Matter of Cager*, 111 N. Y. 343; *Matter of Howe*, 112 N.

Y. 100; *Matter of Hoffman*, 143 N. Y. 327.) There is nothing in section 242 of the Inheritance Tax Law which in any way changes the construction and application of the other parts of the law so as to make the shares of the appellants in this case taxable. (*Matter of Bliss*, 6 App. Div. 192.)

*J. A. Kellogg* for respondents. The shares passing or transferred to Cornelius and Ellen Corbett are properly taxable under section 221 of the Transfer Tax Law, the net amount of the estate being over $10,000. (*Matter of Hoffman*, 143 N. Y. 327; *Matter of Hall*, 88 Hun, 68; *Matter of Taylor*, 6 Misc. Rep. 277; *Matter of Birdsall*, 22 Misc. Rep. 180; *Matter of De Graaf*, 24 Misc. Rep. 147; *Matter of Bliss*, 6 App. Div. 192; *Knowlton* v. *Moore*, 178 U. S. 41.)

Parker, Ch. J. The appraisal of the estate of James F. Corbett discloses that the amount of the personal estate for final distribution is $11,880.69, of which amount, under the Statute of Distributions, a brother and sister are each entitled to one-third, while two nieces are entitled equally to the remaining third. Under the statute relating to taxable transfers a tax of five per cent was imposed upon the share of each niece, which is not questioned. A tax of one per cent was imposed upon each of the shares of the brother and sister, but this tax is challenged on this review upon the ground that the aggregate amount to which the brother and sister are entitled is less than the sum of $10,000. If the parent of the two nieces had lived, then, it is conceded, such a tax could have been properly imposed, for a sum exceeding $10,000 would, in that event, have passed to the class to which the appellants, the brother and sister, belong; but such parent having died and the share passing to the nieces, belonging to a class upon which the statute requires a tax of five per cent to be imposed, the appellants contend that the share coming to them may not be taxed at all; in other words, the contention is that the statute must be so construed as to permit a tax of one per cent to be imposed upon a sum passing to brothers and sisters in the event only that the total

amount passing to them as a class is equal to the sum of $10,000, however large the estate may be.

Prior to the act of 1892 the statute then in existence received such a construction from the hands of this court. (*Matter of Cager*, 111 N. Y. 343; *Matter of Howe*, 112 N. Y. 100.)

Then came the act of 1892 (Chap. 399), which was a revision of the whole law on the subject, and under that act the question was presented, upon the appraisal in the estate of *Hoffman*, whether a mother's life estate, which was less than $10,000 but formed part of an estate of $50,000, was to be taxed. The surrogate held that the life estate of the mother was taxable; the General Term held otherwise and modified the decree in that respect, but in this court the General Term was reversed and the surrogate sustained on the ground that the word " property " as used in section 2 of the act means the property of the testator passing or transferred, not that portion of it received by an individual legatee; thus making the limitation of the statute apply to the aggregate value of the property transferred, not to the separate value of each several transfer. It was not held that section 2 considered alone is capable of such construction, but that when it is read in connection with section 22 — which provides that " the words ' estate ' and ' property ' as used in this act shall be taken to mean the property or interest therein of the testator, or intestate," etc., " passing or transferred to those not *herein specifically exempted* from the provisions of this act "— it becomes evident that it was the intent of the legislature to provide that all of the testator's property not specifically exempted from taxation is to be included in determining whether the amount of the personal estate passing is of the value of $10,000.

To give a concrete illustration of the working of this feature of the statute as construed by this court: An estate of $15,000, in which $6,000 was given to a bishop or religious corporation, which are specifically exempted from taxation by the statute, and $9,000 given to a brother and sister, would not be taxable because the aggregate amount passing to per-

sons not specifically exempted would not be of the value of $10,000; but if only $5,000 were given to the bishop or religious corporation and $10,000 were given to the next of kin, whether in different classes or not, all would be taxed at the rate provided in the statute because the aggregate amount thus given is equal to the sum of $10,000.

This was the construction given to the section in *Matter of Hoffman* (143 N. Y. 327), in which the history of the development of the subject was carefully considered, Judge FINCH writing, and the conclusions reached that the enactment of section 22, from which we have quoted, was undoubtedly due to the construction placed upon the statute by this court, and was obviously intended to compel the court to reach a different conclusion in some respects, notably, so far as it had been held that the aggregate amount of the estate should not be considered in determining whether a tax should be imposed, but instead the specific share passing to the individual.

In 1896 the sections of the act of 1892 above referred to were re-enacted as part of the Tax Law, section 2 becoming section 221 of the latter act, and section 22 becoming section 242. The only change in either is the substitution of the word "article" for "act" in section 242.

The decision which this court made in the *Hoffman* case, therefore, is in point and controlling here, and a further review of the question, occasioned by the able argument of counsel for the appellants, has convinced us that the reasons for that decision were accurately stated and compelled the conclusion reached.

The order should be affirmed, with costs.

GRAY, O'BRIEN, HAIGHT, VANN and WERNER, JJ., concur; CULLEN, J., not voting.

Order affirmed.