(Surrogate's Court, Suffolk County.  February, 1903.)

1. TRANSFER TAX—PROPERTY SUBJECT.
>    Under Laws 1896, c. 908, §§ 220, 221, 242, providing that a tax should be imposed when the transfer is of the value of $500 or over, and that a transfer to a sister is entirely exempt when it is of property valued at less than $10,000, where the estate is less than $2,500 in value, of which all but $250 passes to sisters of the decedent, none of the property is taxable.

In the matter of the appraisal of the estate of Clarissa Conklin. From the decree exempting estate from transfer tax, comptroller appeals. Dismissed.

Nathan L. Miller, State Comptroller, in pro. per., appellant.
William B. Codling, for respondent executor.

PETTY, S. It is conceded on this appeal that the amount of the estate is $2,026.64, of which $1,776.64 passes to sisters, and $250 to a grandniece, a cousin, and a third legatee unrelated. That the last-mentioned sum is taxable at 5 per cent. is the claim of the state on the ground that its taxability is controlled by the fact that the estate is over $500 in value.

It is true that the amount of the estate must be first determined, for, if less than $500, no tax attaches, no matter to whom it is given. The statute in force at the death of the testatrix (Laws 1896, c. 908) provides that a tax shall be imposed when the transfer is of property of the value of $500 or over. Section 220. It is further provided that a transfer to a sister is entirely exempt when it is of property valued at less than $10,000. Section 221. And, finally, it is provided that the word "property" shall mean the property of the decedent "transferred to those not herein specifically exempted from the provisions of this article." Section 242. The sum of this law is, therefore, that, given an estate of less than $10,000 value, it is taxable only when that part of it passing to persons not specifically exempted equals or exceeds $500 in value. In the case at issue the amount passing to the sisters is specifically exempted, the estate being less than $10,000, and the amount passing to those not specifically exempted is less than $500, and likewise not taxable. Matter of Bliss' Estate, 6 App. Div. 192, 39 N. Y. Supp. 875; Estate of Taylor, 6 Misc. Rep. 277, 27 N. Y. Supp. 232; Matter of Flynn's Estate (Sur.) 30 N. Y. Supp. 388.

It is urged that the Bliss Case, supra, is reversed by Matter of Corbett's Estate, 171 N. Y. 516, 64 N. E. 209, but I do not so read it. The facts in the Corbett Case are entirely different, the estate being over $10,000, and no one being specifically exempted. By no possible construction can that case be made to hold that bishops and religious corporations are the only specific exemptions in the act. The section of the act exempting them, and, in certain cases, sisters, is entitled "Exceptions and Limitations," and the conclusion reached in both the Bliss and the Corbett Cases is but a strict following of the statute itself.

Appeal dismissed, without costs.