Where a testator left a farm worth about $6,000 to his widow and children, but gave his uncle a life use in the farm, worth $337, and left personalty worth $500, the life use of the uncle was not taxable, as the property passing to the widow and children was specifically exempt, and property of the value of $500 had not been transferred to any one.

In the matter of the transfer tax on the estate of John Garland, deceased. Motion by Comptroller to assess the transfer tax. Denied.

William T. Plumb, for State Comptroller.
Wellington, Jones & Millard, for executor.

BENTON, S. The personal effects of the deceased, worth about $500, were given to his widow and children; also his farm, appraised at $6,200. There was also given a life use to James T. Garland, an uncle, which the superintendent of insurance has found to be of the present value of $337. It is claimed that this is taxable, and the surrogate is asked to impose a tax of $16.85, besides the penalty accrued thereon.

The property passing to the widow and children is concededly exempt from this tax, but a tax, by the act, is imposed upon the transfer of any property, real or personal, of the value of $500 or over, to certain persons, including this uncle. If the word "property" is to be defined to mean the whole estate, as more than $500 passed, this life use would be taxable; but section 242 of the act (Laws 1896, c. 908, p. 881) defines the word "property," and says, "It shall be taken to mean the property or interest therein of the testator," etc., "passing or transferred to those not herein specifically exempted from the provisions of this article." As the property passing to the widow and children is specifically exempted, it is not included, and hence there is not property of the value of $500, as the word is defined in the tax law, passing to any person. Hence there can be no tax imposed. This is in line with the surrogate's decision in Matter of Conklin, 3c Misc. Rep. 771, 80 N. Y. Supp. 1124. Matter of Corbett, 171 N. Y 516, 64 N. E. 209, is cited on the part of the state as authorizing this taxation, and it seems to have been followed in a recent case in

Surrogate's Court. A careful reading of Matter of Corbett will not sustain the contention of the state, for the court says:

"An estate of $15,000, in which $6,000 was given to a bishop or religious corporation, which are specifically exempted from taxation by the statute, and $9,000 given to a brother and sister, would not be taxable, because the aggregate amount passing to persons not specifically exempted would not be of the value of $10,000."

The plain reading of the transfer tax law compels the denial of the prayer of the state that a tax be imposed in this case. So ordered. Motion denied.