## In re GARLAND'S ESTATE.

(Supreme Court, Appellate Division, Fourth Department. November 17, 1903.)

1 Taxation—Legacy Subject to Inheritance Tax.

Laws 1896, p. 868, c. 908, § 220, provides that a 5 per cent. tax be imposed upon the transfer by will of property worth $500 and over to persons not exempt by the act from taxation, except as provided in section 221, p. 869. Section 221 excepts transfers to a widow, but not an uncle, unless the property is $10,000 or more. By section 242, p. 881, "property," as used in the act, is defined as property passing by the transfer to persons not specifically exempted, and not to mean that transferred to sepa-

rate individuals. ·*Held*, that where a legacy of $500 is left to a widow, and one of $337 to an uncle, the value of the whole estate being over $500, the legacy to the uncle is subject to the 5 per cent. tax.

Appeal from Surrogate's Court, Monroe County.

Appraisal under the act in relation to taxable transfers of property of the property of John Garland, deceased. Appeal from a final decree (82 N. Y. Supp. 989) determining that a legacy is not subject to a transfer tax. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

William T. Plumb, for appellant.

Wellington, Jones & Millard, for respondents.

WILLIAMS, J.  The decree should be reversed, and the surrogate directed to make a decree imposing the tax.  By the will of John Garland a legacy was given to an uncle, valued by the appraiser at $337, and other property was given to the wife or widow, valued at $500.  The legacy to the uncle, if taxable at all, was at the rate of 5 per cent., amounting to $16.85.  Whether so taxable or not is the matter involved in this appeal.

The provisions of the statute now in force bearing upon this question are sections 220, 221, and 242 of chapter 908, pp. 868, 869, 881, of the Laws of 1896, being re-enactments of sections 1, 2, and 22 of chapter 399, pp. 814, 815, 822, of the Laws of 1892.  By section 220 of the present law it is provided, in substance, that a tax of 5 per cent. be imposed upon the transfer by will and otherwise of property of the value of $500 and over to persons not exempt by the act from taxation, except as prescribed by section 221.  The exceptions in this latter section relate to transfers to certain relatives of the person making the transfer, including a wife or widow, but not an uncle; and as to such relatives the transfer is not taxable unless the value of the property is $10,000 or more, and then the rate is 1 per cent.  By section 242 the word "property," as used in the act, is defined to mean the property passing by the transfer to persons not in the act specifically exempted from its provision, and not to mean the property transferred to separate individuals.  Prior to the acts of 1892 and 1896, in determining the limits of taxation, $500 and $10,000, referred to in the statute, each individual transfer was considered by itself, but since the passage of those acts the whole property passing under the transfer to persons not exempted from the provision of the act must be considered together.  Matter of Hoffman's Estate, 143 N. Y. 327, 38 N. E. 311; Matter of Corbett's Estate, 171 N. Y. 516, 64 N. E. 209.  In the Hoffman Case the testator left property to the mother, valued at $9,385, to a daughter, valued at $25,428, and to a granddaughter, valued at $15,187.  It was held that the transfer to the mother was taxable at the rate of 1 per cent., though it was less than $10,000, because the whole property passing under the will was valued at more than $10,000.  Judge Finch gave the reason for the construction of the statute of 1892 then under consideration in detail, which need not be stated here.  In the Corbett Case the statute of 1896 was under consideration.  The Hoffman Case was approved,

and the principles there laid down as to the statute of 1892 were held applicable to the statute of 1896. In that case the whole of the property passing under the will was $11,880.69—one-third to a brother, another one-third to a sister, and the remaining one-third to two nieces. The transfer tax upon the brother's and sister's share was 1 per cent., that upon the nieces' 5 per cent. The brother's and sister's shares were held to be taxable, though less than $10,000. It is quite unnecessary to discuss the matter after examining these two cases. They settle the law by which we are to be controlled, and lead to the conclusion that the surrogate erroneously held that the legacy to the uncle was not taxable. Considered alone, it was less than $500, but, considered in connection with that of $500 to the widow, both together were more that $500. A widow is not a person exempted from the operation of the law. A transfer to her is not taxable unless the total value of the property passing under the transfer is $10,000 or more. The exemption referred to in the statute has reference to the persons to whom transfers are made, such as a bishop or a religious corporation, and not to the value of the property transferred to such persons.

The decree should be reversed, with costs, and the matter remitted to Surrogate's Court for the imposition and collection of the tax. All concur.