(49 Misc. Rep. 283.)

### In re MOCK'S ESTATE.

(Surrogate's Court, Kings County. January, 1906.)

TAXATION—TRANSFER TAX—EXEMPTIONS.

Where the estate of decedent is in excess of $500, but is distributed among his brothers and nephews, none of whom received as much as $500, the share of each legatee is exempt from taxation, under Transfer Tax Law, Laws 1896, p. 868, c. 908, § 220.

In the matter of the estate of Veronica Mock, deceased. Application for the levy of a transfer tax. Denied.

Frank Julien Price, for State Comptroller.

F. H. Chase, for former public administrator.

CHURCH, S. This is a question as to the application of the transfer tax act. The decedent's entire estate was $859.17. Of this sum, $515.50 was divided among three brothers of the decedent, and the balance among three nephews. It is sought to impose a tax. The levying of this tax is resisted on the ground that, within the meaning of the provisions of section 220 of the Transfer Tax Law (Laws 1896, p. 868, c. 908), the shares of each of the persons are exempt. In a case precisely similar to the one under consideration it has been held that the estate is not subject to the tax. Matter of Bliss, 6 App. Div. 192, 39 N. Y. Supp. 875. This case followed the law as stated in Matter of Hoffman, 143 N. Y. 327, 38 N. E. 311. The question to be determined is whether the provision that a tax shall be levied upon a transfer of property of the value of $500 or over means the property received by the particular or individual successor, or the total property passing from the testator. The counsel for the State Comptroller contends that as the courts, passing upon the question of exemption from taxation of estates under the value of $10,000, have held that this means the aggregate amount of the testator's estate, and not the particular amount passing to legatees or next of kin (Matter of Corbett, 171 N. Y. 516, 64 N. E. 209), that, by a parity of reasoning, the same theory should be adopted in the consideration of the provisions relative to cases coming under the $500 rule, and that Matter of Corbett, supra, has overruled Matter of Bliss, supra. The circumstances in relation to the two provisions are not directly analogous, as was pointed out by Judge Cullen in his opinion in Matter of Bliss, which was rendered two years after the decision in Matter of Hoffman, and which case held practically the same in regard to the $10,000 provision as was subsequently held in Matter of Corbett. There is nothing in Matter of Corbett to indicate any intention to interfere with the dicta expressed in the Hoffman Case or the direct decision in Matter of Bliss. And in view of the explicit declaration by the Court of Appeals in the Colonial Traction Case (48 N. E. 900) that nothing was to be presumed as decided other than the direct question under argument, I think that the decision in Matter of Bliss should be regarded as controlling, and that the estate should be declared exempt. It is unnecessary, there-

fore, for me to give my own reasons why under the reading of the statute this estate should be declared exempt from taxation.

Let decree be entered accordingly.

Decreed accordingly.