TAXATION (§ 873*)—INHERITANCE TAX—PROPERTY SUBJECT.

> Under the transfer tax law (Consol. Laws, c. 60, § 221), as amended by Laws 1910, c. 706, § 2, the tax on the legacy of over $500 to an adult child of testator is 1 per cent. on the entire legacy, and not on the amount which exceeds $500.
>
> [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 873.*]

In the matter of the estate of Anna Mason, deceased. Proceedings to fix amount of transfer tax. Judgment rendered.

William T. Plumb, for State Comptroller.

Charles B. Bechtold, for legatees.

BROWN, S. This is an application to the surrogate to fix the tax in the matter of the above estate upon the deposition filed herein by Mary de Tamble and Catharine Mason, executrices of the last will and testament of the deceased.

I find the deceased died on the 6th day of August, 1910, a resident of the county of Monroe, leaving five daughters and two sons, that they are all legatees under her will, and the five daughters are also devisees. The value of their shares in the estate is, respectively, as follows: Mary de Tamble, daughter, $700; Catharine Mason, daughter, $447.09; Joseph Mason, son, $550; Elizabeth Mason, daughter, $447.09; Gertrude Mason, daughter, $447.09; Margaret Mason, daughter, $447.09; Leo Mason, son, $550. It also appears that said sons and daughters are each over the age of 21 years.

It is conceded that the respective shares passing to Catharine, Elizabeth, Gertrude, and Margaret, whose respective shares are fixed at $447.09, are not taxable under the present transfer tax act (Consol. Laws, c. 60, §§ 220–245), the amount coming to each of said adult children of the deceased being of the value of not more than $500. The contention, however, before the surrogate is as to whether the remaining shares are taxable at the full valuation or only upon the difference between $500 and their valuation.

There would be no force to this proposition under the transfer tax law existing prior to the amendment made by the Legislature at the extraordinary session thereof in June, 1910, which went into effect on the 11th day of July, 1910 (Laws 1910, c. 706). The amended act, as far as is necessary for us to refer to it, reads as follows:

"Sec. 220. Taxable transfers. A tax shall be and is hereby imposed upon the transfer of any property, real or personal, of the value of more than one hundred dollars or of any interest therein or income therefrom, in trust or otherwise, to persons or corporations not exempt by law from taxation on real or personal property, in the following cases:

"(1) When the transfer is by will or by the intestate laws of this state from any person dying seized or possessed of the property while a resident of the state. * * *

"(7) The tax imposed hereby shall be at the rate of five per centum upon the clear market value of such property, except as otherwise prescribed in the next section.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Sec. 221. Exceptions and limitations. When property, real or personal, or any beneficial interest therein, of the value of not more than five hundred dollars, passes by any such transfer to or for the use of any father, mother, husband, wife, child, brother, sister, wife or widow of a son or the husband of a daughter, or any child or children adopted as such in conformity with the laws of this state, of the decedent, grantor, donor or vendor, or to any child to whom any such decedent, grantor, donor or vendor for not less than ten years prior to such transfer stood in the mutually acknowledged relation of a parent, provided, however, such relationship began at or before the child's fifteenth birthday and was continuous for said ten years thereafter, and provided also that, except in the case of a stepchild, the parents of such child shall have been deceased when such relationship commenced, or to any lineal descendant of such decedent, grantor, donor, or vendor born in lawful wedlock, such transfer of property shall not be taxable under this article; if * * * of more than five hundred dollars, it shall be taxable under this article at the rate of one per centum upon the clear market value of such property except as herein provided. No such tax shall be assessed upon property, real or personal, or any beneficial interest therein so transferred to a father, mother, widow or minor child of the decedent, grantor, donor or vendor, if the amount so transferred to such father, mother, widow or minor child is the sum of five thousand dollars or less; but if the amount so transferred to a father, mother, widow or a minor child is over five thousand dollars the excess shall be taxable at the rate of one per centum upon the clear market value of such property as hereinbefore provided. The rates of taxation hereinbefore prescribed in this and the preceding section are hereby designated as 'primary rates.' Whenever any property, real or personal, or any beneficial interest therein which passes by any such transfer to or for the use of any person or corporation shall exceed the amount of twenty-five thousand dollars over and above the exemptions hereinbefore provided the rate of taxation shall be as follows: Upon all amounts in excess of the said twenty-five thousand dollars and up to and including the sum of one hundred thousand dollars, twice the primary rates. * * *"

Now, it is very clear that the Legislature intended that a father, mother, widow, or minor child should not be taxed unless the amount coming to them was in excess of $5,000, and then only placed the tax on the excess of $5,000 at the rate of 1 per cent. for the primary rate. This is a clear exposition of what the Legislature meant. But in the cases of transfers to husband, adult child, brother, and sister, etc., above recited, where the value of such property so transferred is of the value of more than $500, it is made taxable at 1 per cent.; and, in the case of other people than those recited in the two above classifications, where the property is of the value of more than $100, it is taxable at the rate of 5 per cent. Now, this language is substantially in the same form as the language of the old act. The present act reads in the case of adult children and those in that class, "of the value of more than five hundred dollars." In the previous act it read, "of the value of less than ten thousand dollars," including those included in the present exempt $5,000 class. The present act relative to the 5 per cent. class reads, "of the value of more than one hundred dollars." The previous act read, "of the value of five hundred dollars or over."

The courts have held under the old act that, where the amount of the estate passing to children and those of the one per cent. class is $10,000 or over, the tax is on the whole amount of the estate so passing, and not on the overplus beyond $9,999, and that, where an estate to collaterals of over $500 passes to collaterals in the 5 per cent. class,

the tax is on the whole amount so passing, instead of on the excess beyond said $500.

The Legislature is presumed to know what interpretation the courts have placed upon its acts; and, when the Legislature amended said act using similar language, it is to be presumed that they intended to adopt the ruling of the courts as to the meaning of such language, and particularly is that so where, in another part of the act, the Legislature says, with extreme precision, that it intends to make a different rule relative to a father, mother, widow, or minor child.

Our attention is called to the words of the act where it says: "Whenever any property, real or personal, or any beneficial interest therein, which passes by any such transfer to or for the use of any person or corporation shall exceed the amount of twenty-five thousand dollars over and above the exemptions hereinbefore provided, the rate of taxation shall be as follows, * * *" that the word "exemptions," being in the plural, shows the intent of the Legislature to include more than is intended under the "amount so transferred to such father, mother, widow or minor child." I cannot regard that argument as having any force upon the construction of the words of the act submitted. The plural of the word is properly used, as referring to exemptions granted, not only under the $5,000 exemption, which includes the plural of the parties entitled to such exemption, to wit, father, mother, widow, or minor child, but also as referring to the exemptions of $500 or under given to adult children in cases where the amount coming to such adult children is limited to that amount, and also as referring to the $100 exemption given to strangers to the blood and collaterals in the 5 per cent. class, where the amount coming to them is within the limitation of $100. And, even if the word "exemptions" were used without resorting to the above argument, it would be hardly reasonable to assume that the mistaken use of the plural for the singular would justify this court in changing the interpretation placed upon similar words in the previous act, amended by the act now before us, where, as we have said before, such precision is used in making the change relative to father, mother, widow, or minor child.

I am of the opinion that the transfer of property under the transfer tax act (as amended in June, 1910, and going into effect on the 11th day of July, 1910), of the value of not more than $500, to an individual or corporate legatee, devisee, heir at law, or next of kin, under those provisions, is not taxable, but is a limited exemption up to that amount to each such legatee, devisee, heir at law, or next of kin; but that, when the amount of property so passing to any one of such class is over $500, then the whole amount (not the excess over $500 only) is taxable at the rate of 1 per cent. primary rate; and, where the transfer of property of not more than $100 passes to collaterals and strangers to the blood in the five per cent. primary class, that the same is not taxable, but is a limited exemption to that amount, and, where the amount thereof is of the value of more than $100, then the whole amount thereof (not the excess over $100 only) so passing to each collateral or stranger to the blood in the 5 per cent. primary class is taxable at the 5 per cent. primary rate.

This is in conformity with Matter of the Estate of Sherwell, 125 N. Y. 376, 26 N. E. 464, opinion written by Judge Gray, in which all concurred. Matter of Corbett, 171 N. Y. 516, 64 N. E. 209; Matter of Hoffman, 143 N. Y. 327, 38 N. E. 311.

Accordingly I hold that the property passing to Mary de Tamble, Joseph Mason, and Leo Mason, children of the decedent, of full age, from the estate of their deceased mother under her will in excess of $500 each, is taxable at the full valuation thereof at the rate of 1 per cent. The other children being adults, and the amount received by them being not more than $500 in value, the property passing to them is not taxable. The legacy of $100 left to the executors in trust for the payment of masses is not taxable.

Let an order be entered according to the terms of this decision, without costs to either party as against the other.

Decreed accordingly.