Matter of the Estate of ELLEN L. BUNCE, Deceased.*

(Surrogate's Court, Jefferson County, September, 1916.)

Transfer tax — legacy in excess of $500 — Laws of 1916, chap. 548, § 221-a(3).

> Under section 221-a (3) of the Tax Law, as amended by chapter 548 of the Laws of 1916, a legacy is taxable only upon the excess over and above the sum of $500.

APPEAL from order of September 19, 1916, assessing transfer tax.

----

* Affirmed by the Appellate Division on this opinion. 178 App. Div. 954.

Henry J. Kimball, for state comptroller, appellant.

G. S. & H. L. Hooker, for executor, respondent.

Atwell, S.  The decedent died subsequently to May 15, 1916, so that the amendment to the Tax Law of that year (chapter 548), which became a law and went into effect on that date, applies to this case.

Upon transfer tax proceedings it appeared that the net value of the estate was $1,646.19.  That the legacy given to one Loren Van Valkenberg, amounting to $647.54, is the only taxable bequest.  The order of the surrogate assessing the tax allowed an exemption of $500 assessing only the excess of $147.54 upon which a tax of five per cent. was levied, amounting to $7.37.

From this order the comptroller has appealed claiming that no exemption should have been allowed but that the tax of five per cent. should have been levied upon the whole amount of the legacy.

It seems to me the appellant's position is untenable. His contention seems to be based upon the decision construing the amendment of 1910 (chap. 706) in *Matter of Mason,* 69 Misc. Rep. 280.  The language used in that statute is very different from that used in the amendment under consideration; there the statute reads, " if  *  *  *  of more than five hundred dollars, it shall be taxable under this article, etc."

In the amendment of 1916, the statute speaks only of " excess."  Section 221-a, subdivision 3, applies to this case.  It reads: " Upon all transfers taxable under this article of property or any beneficial interest therein of an amount in *excess* of the value of five hundred dollars, to any person or corporation  *  *  * the tax on such transfers shall be at the rate of, etc."

Excess is defined by Webster to mean " The degree or amount by which one thing or number exceeds

another; remainder; as, the difference between two numbers is the excess of one over the other." So in this statute it seems to be the clear intent of the legislature that only the excess over and above $500 shall be taxed.

This language is not new to the statute; it is substantially the same language that was employed in the act of 1911 (chap. 732), under which exemptions of $5,000 to the near relatives and $1,000 to collaterals and strangers have been allowed without question and I cannot see or find any authority or justification for the contention now taken by the appellant.

It is contended that putting the exemption of $5,000 in certain cases in section 221 shows an intent on the part of the legislature not to exempt a legatee enumerated in subdivision 3 of section 221-a; in other words that there is no exemption given to a legatee of that class unless his legacy does not exceed $500. That would put the legislature in the light of saying that a legatee who receives a bequest of $500 or less is exempt, but the legatee who receives a bequest of $501 must pay a tax of $25. I do not believe such was the intention; but it seems to me the intent of the act is that the tax should be levied only upon the excess over and above the sum of $500 in all cases except those enumerated in subdivision 1 of section 221-a in which the exemption of $5,000 is allowed, and I cannot see how the placing of certain cases among the list of positive exemptions in section 221 changes the intent to be gathered from the language employed; and the provision of law imposing these transfer taxes (§ 220) is subject to the provisions of section 221 and section 221-a whether they are called exemptions or limitations.

The order appealed from must be affirmed.

Order affirmed.