---

(55 App. Div. 124.)

### In re CORBETT'S ESTATE.

(Supreme Court, Appellate Division, Third Department. November 20, 1900.)

INHERITANCE TAX—STATUTE—CONSTRUCTION.

Transfer Tax Law, § 242, declares that the word "property" shall be taken to mean the property of decedent passing to one not specifically exempted from the provisions of the act. Section 221 provides that, where property is transferred to a brother or sister of decedent, the transfer shall not be taxed unless the property transferred is worth $10,000 or more. *Held*, that a transfer of property to decedent's brother and sister was taxable, though the total value of such transfer was less than $10,000, when the aggregate of the transfers to taxable persons, including the brother and sister, exceeded that amount.

Appeal from surrogate's court, Washington county.

Proceedings under the transfer tax law against the estate of James F. Corbett, who died intestate, leaving as his next of kin a brother, a sister, and two nieces. On appraisal, the total amount of his estate for final distribution was $11,880.69, all of which was personal property. The brother and sister each took a third of that amount, and the two nieces divided the remaining third between them. On the report of the appraiser, a tax of 1 per cent. was imposed on each of the shares of the brother and sister, and of 5 per cent. on each of the two nieces. On appeal by the brother and sister to the surrogate, the tax of 1 per cent. on their shares was revoked, on the ground that, their shares together not amounting to $10,000, they were exempt from taxation under the inheritance tax law. From the order of the surrogate (65 N. Y. Supp. 782) revoking such tax, the comptroller of the state and the treasurer of the county appeal. Reversed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

J. A. Kellogg, for appellant.
Edgar Hull and Lewis E. Carr, for respondents.

PARKER, P. J. The reasons upon which the decision is based in the Hoffman Case, 143 N. Y. 327, 38 N. E. 311, are, in my opinion, conclusive against the conclusion which the surrogate reached in this case. In the former case the question was presented whether a bequest to a mother valued at less than $10,000 was taxable. The effect of the amendment of 1892 upon the inheritance tax law, as it stood prior to that date, is there discussed at length, and fully explained. It is there said that the object of the amendment was to make the imposition of the tax depend upon the amount of property disposed of by the transferror, and not upon the amount received by the particular transferee. Prior to that amendment the court had held that under the provisions of an act, which was substantially the same as section 221 of the act now in force, no tax could be levied against an amount passing to either of the persons mentioned in that section, unless it was personal property, and exceeded in value $10,000. But by the provisions of section 22, as amended and added in 1892, and which is substantially the same as section 242 of the present law, the valuation must be placed upon the whole estate disposed of, and not upon the particular share. After a careful discussion of the purpose and effect of such amendment, Judge Finch, writing for the court, says: "And so we are prepared to say that the interest of the mother is taxable at 1 per cent., although itself of a value of less than $10,000, because the aggregate transfers by the will to taxable persons exceeded that amount." Here the reason of the decision is concisely stated. When the aggregate transfers by the will to taxable persons exceed $10,-000, the share to a mother is taxable, although less than $10,000, and, if to a mother, the same rule applies to either of the persons mentioned in such section 221. In the case at bar, if the aggregate transfers to taxable persons exceed $10,000, then each particular recipient thereof, no matter how small his proportion was, must be taxed at the rate which the statute imposed as against such recipient. Thus a brother and a sister are each in the category of those who are to be taxed at the rate of 1 per cent. A niece is in the category of those who are to be taxed at the rate of 5 per cent.

The phraseology of the amending section (242) in the present statute is substantially as follows: The words "estate" and "property," as used in this article, shall be taken to mean the property or interest therein of the testator, intestate, etc., passing or transferred to those not herein specifically exempted from the provisions of this article, etc.; that is, not all of the testator's property which he bequeathes is to be included in the valuation to ascertain whether it exceeds $10,000, but only such as he transfers to those not specifically exempted, etc. This phrase Judge Finch expressed by the phrase "taxable persons." The surrogate has held that all of the persons mentioned in section 221 of the act are specifically exempted,—in other words, that they are not "taxable persons"; and so the amount distributed to the brother and sister is not to be included in the valuation of the deceased's estate, and hence the aggregate amount transferred does not, under the statute, exceed $10,000. But it is plain that a brother and a sister, and all those

persons mentioned in section 221, are not "exempted from the provisions of the act." They are taxable persons under the act. The same section does specifically exempt from "the provisions of the act" a bishop and a religious corporation. Any bequest to them could not be included in the valuation of the estate, but bequests to any or either of the persons mentioned in section 221 are not to persons specifically exempted from the provisions of the act, and hence are to be included in such valuation. The bequests to them make a part of the "aggregate transfers to taxable persons," and, including such bequests in this case, the case is brought squarely within the principle declared in the Hoffman Case. I conclude, therefore, that the order appealed from should be reversed, and the order made upon the report of the appraiser, dated December 22, 1899, should be affirmed.

Order of the surrogate reversed, with $10 costs and disbursements, and the order made upon the report of the appraiser, dated December 22, 1899, affirmed. All concur, except KELLOGG, J., not voting.