Under Tax Law, art. 10, § 221 (Laws 1896, p. 869, c. 980), where testator wills to his sisters and a nephew property of the value of $663.78, the share of the nephew is taxable, because property of the testator of the value of $500 or over has been transferred to persons not specifically exempted from the transfer tax.

In the matter of the estate of Sophie Rosendahl. Motion to declare property exempt from transfer tax. Denied.

S. H. Steinberg, for executrix.

Edward H. Fallows, for State Comptroller.

THOMAS, S. The amount of this estate is $663.78, of which $372.39 passes under the will to sisters of the decedent, and $291.31 to a nephew. It is contended on behalf of the nephew that the estate is exempt from transfer tax, the transfer to him not being taxable, according to his contention, because the taxable interests do not amount to $500. The decision in Matter of Bliss' Estate, 6 App. Div. 192, 39 N. Y. Supp. 875, where the same question was passed upon, supports his contention, and has been recently followed by the surrogate of Suffolk county in Matter of Conklin's Estate, 39 Misc. Rep. 771, 80 N. Y. Supp. 1124. The theory of these cases was that near relatives of the decedent, enumerated in section 221 of the tax law (Laws 1896, p. 869, c. 980), whose legacies are by the statute not subject to any tax unless the aggregate of legacies to persons of that class amounts to $10,000, are "persons specifically exempted from the provisions of" the act, if the legacies passing to them aggregate less than that sum. This precise question has received further consideration in the later case of Matter of Corbett's Estate, 171 N. Y. 516, 64 N. E. 209, affirming 55 App. Div. 124, 67 N. Y. Supp. 46, and was decided the other way both in the Appellate Division and in the Court of Appeals. It was determined that "a brother and a sister, and all those persons named in section 221, are not 'exempted from * * * the provisions of this act.' They are taxable persons under the act. The same section does specifically exempt from the 'provisions of this act' a bishop and a religious corporation." 55 App. Div. 127, 67 N. Y. Supp. 46. I am bound by this latest utterance of our highest court to hold that the Bliss Case is overruled, and that the other decision made on its authority is erroneous.

The property passing from the decedent to taxable persons exceeded $500 in value, and the transfer to the nephew must be taxed.