In the Matter of the Appraisal under the Act in Relation to Taxable Transfers of Property of the Property of JOHN GARLAND Deceased.

NATHAN L. MILLER, Comptroller of the State of New York, Appellant; CARRIE GARLAND and GEORGE W. GARLAND, as Executors, etc., of JOHN GARLAND, Deceased, Respondents.

*Transfer Tax Law — tax on a legacy of less than $500 from an estate in excess of that sum — no tax on a legacy, to a widow, of less than $10,000 — who is a person exempted from the operation of the law.*

Section 220 of the Tax Law (Laws of 1896, chap. 908, as amended) provides that a tax of five per cent shall be imposed upon transfers made by will and otherwise, of property of the value of $500 and over, to persons not exempt by the act from taxation, except as provided in section 221.

The latter section provides that transfers to certain relatives, including a wife or widow, but not an uncle, shall not be taxable unless the value of the property is $10,000 or more, and then only at the rate of one per cent.

Section 242 of the act provides that the word "property," as used in the act, means the property passing by the transfers to persons not in the act specifically exempted from its provisions, and does not mean the property passing to separate individuals.

*Held,* that in determining the limits of $500 and $10,000 referred to in the statute the *whole* property passing under the transfer to all persons not exempted from the act must be considered together;

That, accordingly, where, by the will of a decedent, a legacy of $337 was given to the deceased's uncle, and other property valued at $500 was given to the deceased's widow, the legacy to the uncle was taxable at the rate of five per cent;

That a widow is not a person "exempt" from the operation of the law, but a transfer to her is not taxable unless the total value of the property passing under the transfer is $10,000 or more;

That the exemption mentioned in the statute has reference to persons to whom transfers are made, such as a bishop or a religious corporation, and not to the value of the property transferred to such persons.

APPEAL by Nathan L. Miller, Comptroller of the State of New York, from a decree of the Surrogate's Court of the county of Monroe, entered in said Surrogate's Court on the 3d day of July, 1903, affirming an order theretofore entered in said Surrogate's Court in this proceeding, which determined that certain property passing under the will of John Garland, deceased, was not subject to a transfer tax.

*William T. Plumb*, for the appellant.

*Ernest B. Millard*, for the respondents.

Williams, J. :

The decree should be reversed and the surrogate directed to make a decree imposing the tax.

By the will of John Garland a legacy was given to an uncle valued by the appraiser at $337, and other property was given to the wife or widow valued at $500. The legacy to the uncle, if taxable at all, was at the rate of five per cent, amounting to $16.85. Whether so taxable or not is the matter involved in this appeal.

The provisions of the statute in force at the time of decedent's death on July 11, 1899, bearing upon this question are sections 220, 221 and 242 of chapter 908 of the Laws of 1896 (as amd. by Laws of 1897, chap. 284, and Laws of 1898, chap. 88) being re-enactments of sections 1, 2 and 22 of chapter 399 of the Laws of 1892. By section 220 (as amd. by Laws of 1897, chap. 284) it is provided in substance that a tax of five per cent be imposed upon the transfer by will and otherwise of property of the value of $500 and over, to persons *not exempt* by the act from taxation, except as prescribed by section 221. The exceptions in this latter section (as amd. by Laws of 1898, chap. 88) relate to transfers to certain relatives of the person making the transfer, including a wife or widow, but not an uncle, and as to such relatives the transfer is not taxable unless it is personal property and the value of the property is $10,000 or more, and then the rate is one per cent. By section 242 (as amd. by Laws of 1898, chap. 88) the word "property," as used in article 10 of the act which includes these sections is defined to mean the property passing by the transfer to persons not therein specifically exempted from the provisions of said article, and not to mean the property transferred to separate individuals.

Prior to the acts of 1892 and 1896, in determining the limits of taxation, $500 and $10,000, referred to in the statute, each individual transfer was considered by itself, but since the passage of those acts the *whole* property passing under the transfer to persons not exempted from the provision of the act must be considered together. (*Matter of Hoffman*, 143 N. Y. 327; *Matter of Corbett*, 171 id. 516.)

In the *Hoffman* case the testatrix left property to the mother valued at $9,385, to a daughter valued at $25,428, and to a grand-daughter valued at $15,187. It was held that the transfer to the mother was taxable at the rate of one per cent, though it was less than $10,000, because the whole property passing under the will was valued at more than $10,000. Judge FINCH gave the reason for the construction of the statute of 1892, then under considera-tion, in detail, which need not be stated here.

In the *Corbett* case the statute of 1896 was under consideration. The *Hoffman* case was approved and the principles there laid down as to the statute of 1892 were held applicable to the statute of 1896. In that case the whole of the property passing under the will was $11,880.69, one-third to a brother, another one-third to a sister, and the remaining one-third to two nieces. The transfer tax upon the brother and sister's share was one per cent; that upon the nieces' five per cent. The brother's and sister's shares were held to be tax-able, though each was less than $10,000.

It is quite unnecessary to discuss the matter after considering these two cases. They settle the law by which we are to be controlled, and lead to the conclusion that the surrogate erroneously held that the legacy to the uncle was *not* taxable; considered alone it was less than $500, but considered in connection with that of $500 to the widow, both together were more than $500. A widow was not a person *exempted* from the operation of the law; a transfer to her was not taxable unless the total value of the personal property passing under the transfer was $10,000, or more.

The *exemption* referred to in the statute had reference to the per-sons to whom transfers are made, such as a bishop or a religious cor-poration, and not to the value of the property transferred to such persons.

The decree should be reversed, with costs, and the matter remitted to Surrogate's Court for the imposition and collection of the tax.

All concurred.

Decree reversed, with costs, and matter remitted to Surrogate's Court to impose and collect the tax.