diamond brooch owned by the testatrix at the time of her death, was not the particular one owned by her at the time her will was made.

Schouler on Wills (3d Ed. § 486) states the rule as follows:

"The preferable rule as to after-acquired property stands thus, with the aid of legislation: that descriptions, whether of real or personal estate, or of both together, the subject of gift, refer to and comprise prima facie the property answering to that description at the death of the testator; but that at all events the intention manifested by the will shall prevail."

The same rule is declared and adopted in Van Vechten v. Van Vechten, 8 Paige, 104.

In Tifft v. Porter, 8 N. Y. 516, 521, Judge Johnson said:

"The presumption is stronger that a testator intends some benefit to a legatee than that he intends a benefit only upon the collateral condition that he shall remain till death owner of the property bequeathed. The motives which ordinarily determine men in selecting legatees are their feelings of regard, and the presumption, of course, is that their feelings continue, and they are looked upon as likely to continue. An intention of benefit being once expressed to make its taking effect turn upon the contingency of the condition of the testator's property being unchanged, instead of upon the continuance of the same feelings which in the first instance prompted the selection of the legatee, requires, as it ought, clear language to convey that intention."

Such have been some of the adjudications in this state, and, while we might cite many other authorities in support of the judgment, we do not deem it necessary to do so, but for the purpose of directing attention to the argument and very apt illustrations of Vice-Chancellor Malins in disposing of a like question in the English Court of Chancery we add the further citation of Castle v. Fox, Law Reports, 11 Equity, 551, 552.

We think the learned trial court adopted the correct rule in construing the eighth clause of the will of Helen Thornton Campbell, and that therefore the judgment appealed from should be affirmed.

Judgment affirmed, with costs. All concur.

---

(96 App. Div. 128.)

### In re McMURRAY'S ESTATE.

(Supreme Court, Appellate Division, Third Department. June 30, 1904.)

1. TAXATION—INHERITANCE TAX—LEGACY SUBJECT TO.
   A legacy of less than $500, left to testator's niece, who had occupied the relation of child of the testator since she was about two years old, exempt from the transfer tax imposed by Laws 1892, p. 822, c. 399, § 22, must be added to the legacies left to nephews and their wives, in order to make the aggregate estate exceed $500, for the purpose of sustaining a tax on the legacies to the nephews and their wives.

Appeal from Order of Surrogate, Delaware County.

Appraisal, under the act in relation to taxable transfers of property, of the property of John McMurray, deceased. From an order of the surrogate's court setting aside an order made by it assessing a transfer tax, the State Comptroller appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Barna Johnson, for appellant.
John A. Kemp, for respondent.

CHESTER, J. The decedent, John McMurray, died in Delaware county March 4, 1896. By his will, proven in that county March 8, 1896, he gave one-half of his property to his niece, Lizzie T. Cramer, and the other half to his nephew Charles F. Hunt and Gussie Hunt, his wife, and his nephew John A. Hunt and Sarah Hunt, his wife. The decedent and said Lizzie T. Cramer, for about 20 or 25 years prior to his death, had occupied the mutually acknowledged relation of parent and child, which relationship began when she was about 2 years old. The value of the property of the decedent at the time of his death was $868.09, of which the share of Lizzie T. Cramer was $434.04, and the shares of the two nephews and their respective wives were $108.51 each, aggregating $434.04. The order appealed from reverses an order imposing a transfer tax upon the shares of such nephews and their respective wives.

The only question presented upon this appeal is whether the share going to Lizzie T. Cramer, which is not taxable, because of its amount and of the relationship she bore to the testator, can be added to the shares of the nephews and their respective wives, in order to make the aggregate estate transferred exceed $500. The claim of the respondent is that said Lizzie T. Cramer is a person "specifically exempted" from the provisions of the transfer tax law (Laws 1892, p. 822, c. 399), within the meaning of that term as used in section 22 of such law, and for that reason her share cannot lawfully be added to the shares of the nephews and their wives, in order to make the aggregate estate exceed $500, for the purpose of sustaining a tax upon the shares of such nephews and their wives. This question has been decided adversely to the contention of the respondent. Matter of Corbett's Estate, 55 App. Div. 124, 67 N. Y. Supp. 46, affirmed 171 N. Y. 516, 64 N. E. 209; Matter of Hoffman's Estate, 143 N. Y. 327, 38 N. E. 311; Matter of Garland's Estate, 88 App. Div. 380, 84 N. Y. Supp. 630. While the share of Lizzie T. Cramer is not taxable, yet under these authorities she is not a person "specifically exempt" from taxation, as is a bishop or a religious corporation, for the reason that, if the estate had been sufficiently large to bring her within the provisions of the law, she would then have been a taxable person under it.

The order of the surrogate's court should be reversed, with $10 costs and disbursements. All concur.