ing over the street car tracks is not pertinent when the traveler is within the territory where his rights are equal to those operating the car in the street. It is the locus in quo—the land which makes up the street intersection—that calls for the extra vigilance on the part of the motorman, and affords the assurance of additional safety or protection to the passing traveler or vehicle, rather than the fact that the wayfarer or conveyance is actually passing in front of an oncoming car. The likelihood of the street intersection being used by pedestrians or teams whose rights are on a par with those of the car at that place is what sustains the rule adverted to.

Of course, if the driver of the coach was passing up the westerly side of Main street, and suddenly and without warning veered his team to the right, and over the tracks of the defendant, when the approaching car was too close to be stopped by the motorman by the exercise of proper vigilance, the rule mentioned would not be applicable.

The plaintiff had no authority over the driver of the coach. He was a guest on the middle seat, and at the time of the collision, through no fault of his own, was hit by an advancing car within the circumscribed district which made a part of the crossing connecting Scott street with the two streets opposite. There his rights were equal to those of the defendant, and the instruction to the contrary was material error, calling for a reversal of the judgment and order. Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.

Judgment and order reversed, and a new trial ordered, with costs to the appellant to abide the event, upon questions of law only; the facts having been examined, and no error found therein. All concur.

---

(96 App. Div. 133.)

### In re FISHER'S ESTATE.

(Supreme Court, Appellate Division, Third Department. June 30, 1904.)

1. TAXATION—TRANSFER TAX LAW—CONSTRUCTION—AMENDMENTS.

Transfer Tax Law (Laws 1896, p. 881, c. 908) § 242, declares that the word "property" shall be taken to mean the property of decedent passing to one not specifically exempted from the provisions of the act. Section 221, p. 869, provided, prior to the amendment of 1903 (Laws 1903, p. 165, c. 41), that, when the property passed by any transfer to a brother or sister of a decedent or grantor, such transfer should not be taxable, unless it is personal property of the value of $10 or more. Under these sections, transfers to the brother or sister of a decedent were held taxable, though the total value of the transfer was less than $10,000, when the aggregate of the transfers to taxable persons exceeded that amount. Laws 1903, p. 165, c. 41, amended section 221 by changing the structure thereof so that it reads: "When property, real or personal, * * * of the value of less than $10,000 passes by any such transfer to * * * (a) brother [or] sister * * * of the decedent, * * * such transfer of property shall not be taxable under this act; if real or personal property * * * so transferred is of the value of $10,000 or more, it shall be taxable under this act at the rate of one percentum." *Held*, that the amendment made no change in the provisions of the section, except to include real estate, as well as personalty, in estimating the value of the property transferred, and did not change the construction previously placed on section 221.

Appeal from Surrogate's Court, Tompkins County.

In the matter of the appraisal of the estate of John H. Fisher, deceased, under the acts in relation to taxable transfers. From a decree of the Surrogate's Court affirming a transfer tax theretofore fixed, and adjudging that shares passing to certain persons were exempt from taxation under the transfer tax law, Otto Kelsey, Comptroller of the state of New York, appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

E. H. Bostwick, for appellant.

Jared T. Newman, for respondent.

PARKER, P. J. The facts of this case present substantially the same situation as is found in the Corbett Case, 55 App. Div. 124, 67 N. Y. Supp. 46. John H. Fisher died intestate on October 25, 1903. He left as his next of kin, and to whom his estate was distributed, one sister, two brothers, and five nephews and niece, children of a deceased sister. The whole estate left by him, real and personal, after paying disbursements and necessary expenses of administration, was of the value of $10,122.46, of which one-fourth was distributed to each of the brothers and sister, and one-fourth thereof to the five nephews and niece. The surrogate assessed a tax of 5 per cent. upon the share distributed to each of the nephews and the niece, and determined that no tax was due upon the shares going to the brothers and sister. The determination as to the tax on the shares going to the nephews and niece is acquiesced in as correct, but, from the decree adjudging that no tax is chargeable against the shares going to the brothers and sister, the Comptroller brings this appeal.

Had John H. Fisher died prior to March 16, 1903, the decision in the Corbett Case, above cited, and affirmed in 171 N. Y. 516, 64 N. E. 209, would have been conclusive. Under the statute as it then stood, the shares of the brothers and sister would have been liable to a tax of 1 per cent. But on March 16, 1903, section 221 of the tax law was amended (Laws 1903, p. 165, c. 41), and it is by reason of the amendment then made that the surrogate made the decision appealed from.

In my opinion, however, such amendment works no such change in the meaning of the statute as requires the interpretation that the surrogate has given it. Under the preceding act of 1892 (Laws 1892, p. 814, c. 399), it was settled that if the whole personal estate that passed from the deceased to his legatees and next of kin, except such as passed to persons "specifically exempted" by the act from its provisions, exceeded $10,000, then any legacy or bequest to a father, mother, brother, sister, etc., was subject to a tax of 1 per cent., even though it fell far short of $10,000. Such was the construction given to section 2 of that act (now section 221 of the tax law) by the Hoffman Case, 143 N. Y. 327, 38 N. E. 311, and the Corbett Case above cited. And this conclusion was reached by holding that the word "property," as used in such section 221, was controlled by the definition given in section 22 of that act. But the surrogate now claims

that under the act of 1903 the language of that section is so clear and explicit to the contrary that such definition is not applicable, and that hence, under the reasoning in the Hoffman Case itself, there being no ambiguity in such amended section, the definition in section 242, p. 881, does not control. But the trouble is that under the grammatical construction of section 221 there is no more ambiguity in that section than there is in the section as amended in 1903. There is the same necessity for resorting to the definition of "property" given in section 242 in the one case as in the other. I can discover no actual change in the meaning or provisions of the section as amended, save that, in estimating the value of the property passing, real estate as well as personal property is to be now included. In my judgment, the cases above cited are still authority requiring us to construe the word "property" in section 221 as it is defined in section 242; and, if given that meaning, clearly the legacy to each brother and sister was subject to a tax of 1 per cent.

The decree of the surrogate must therefore be reversed, with costs.

So much of the order and decree of the surrogate as is appealed from reversed, with costs, and the decree is modified, so that it shall provide that a tax of 1 per cent. be levied upon the share distributed to Charles F. Fisher, Daniel D. Fisher, and Hester M. Nye, brothers and sister of the decedent. All concur.