In the Matter of the Appeal from the Assessment of Taxes upon the Legatees, under the Will of WILLIAM CAGER, by the Surrogate of Cayuga County.

Under the act of 1885 (Chap. 483, Laws of 1885), providing for the taxing of "gifts, legacies and collateral inheritances," the tax is upon the individual, and can be imposed only when the interest devised to each beneficiary exceeds $500, the limitation provided by the statute. (§ 1.)

A tax imposed under said act, before the amendment to it of 1887 (Chap. 713, Laws of 1887) exempting legacies to adopted children went into effect, was not affected by the latter act.

The will of C. gave his residuary estate to his wife M. "to be used and enjoyed and *at her disposal* during the term of her natural life." One-third of said estate "that may remain" at the decease of his said wife, the testator gave to an adopted daughter during life; the other two-thirds and the remainder of the one-third to four persons named, who were described as "the present heirs" of M. *Held*, that, upon the death of C., his widow took a life estate with a limited power of disposition during her life, for her use and enjoyment, and any interest in the other beneficiaries was dependent upon the contingency of the exercise by her of this power of disposition.

The appraiser appointed by the surrogate to appraise the value of the respective interests reported that, with such a construction, the gifts over

had no market value. *Held*, that while said gifts were sustainable as valid executory devises and the beneficiaries might eventually take a valuable estate, yet as this contingency rendered the present appraisable value of such interest incapable of any correct or reasonable approximate valuation, there was no basis for the imposition of a tax.

Where the present value of property devised to one, with a limitation over to others upon the happening of some event, which may or may not occur, can be ascertained, a ground for an approximate estimate of the value of the ultimate devise appears, and it may be made; but where the question as to whether any property at all will pass under the limitation over, depends upon the will of the first taker, there is no rule by which its value can be determined.

As to whether an appraisal of the value of said gifts over for the purposes of taxation may be made if they eventually come to the possession of the beneficiaries when that event occurs, *quære*.

(Argued October 16, 1888; decided November 27, 1888.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made December 30, 1887, which reversed a decree of the surrogate of the county of Cayuga taxing certain beneficiaries named in the will of William Cager, deceased, under the collateral inheritance act (Chap. 483, Laws of 1885), and which reversed a decree of said surrogate affirming the assessment and taxation upon appeal under said act. (Reported below, 46 Hun, 657.)

Said Cager died in Cayuga county in May, 1886, leaving a will, the material portions of which are set forth in the opinion. The will was admitted to probate on April 11, 1887; the surrogate appointed an appraiser who made his report, in which he stated that he found the value of the collateral estates to depend upon the construction given to the will. In case the widow took, under the will, only a life estate, he fixed the valuation and tax upon the shares as follows:

| Name. | Valuation. | Tax. |
| --- | --- | --- |
| Mary Griffin | $313 40 | $15 67 |
| Ezra Griffin | 640 96 | 32 05 |
| William Griffin | 640 96 | 32 05 |
| George Griffin | 640 96 | 32 05 |
| Frank Griffin | 640 96 | 32 05 |

The report concludes as follows :

" If the court find, on the law, that the widow has such a life estate that she may use the principal, or has the absolute disposal by will, gift or otherwise, in her lifetime, I do not think a present market-value could be attached to any remainder.

" If this widow has an absolute disposition of the property in her lifetime, I do not think the life estate in Mary Griffin, and the remainder in her children, to be of any market-value.

" If the court finds that the estate in the widow is an enlarged life estate, then I cannot say, on any theory, what the remainder would be worth in market, and report that, in my opinion, it would be a proper case for a future appraisal and assessment to take place after the death of Mary Cager."

The surrogate assessed the values of the interests as stated in the report, and taxed the beneficiaries the amounts therein specified.

*Charles F. Tabor*, attorney-general, for appellant. A retroactive operation will not be given to a statute in the absence of a precise declaration when such a construction would have the effect to divest rights already accrued, or effect a status already established. (*Ensign* v. *Barse*, 107 N. Y. 343; *Mongeon* v. *People*, 55 id. 613 ) If any such effect must be given to the act of 1887, the act was unconstitutional. (*Westervelt* v. *Gregg*, 12 N. Y. 202; *People* v. *Comrs., etc.*, 53 Barb. 70.) Taxation is the rule and exemption the exception, and must be clearly established; if the exemption is doubtful, the decision should be in favor of the tax. (*People ex rel.* v. *Comrs., etc.*, 76 N. Y. 64; *People ex rel.* v. *Davenport*, 91 id. 571–586.) The will gave only a life estate to the widow. (*Smith* v. *Bell*, 6 Pet. 68; *Wager* v. *Wager*, 96 N. Y. 173; *Ackerman* v. *Gorton*, 67 id. 64; *Boyd* v. *Strahan*, 36 Ill. 358; *Welsh* v. *Woodbury*, 11 N. E. Rep. 762.) The words " and at her disposal " in this will must be held to mean, taken in connection with the words " during the term of her natural life, followed by the provision made

for the adopted daughter and her children, that the widow was to have only the control, management and use of the property during her life." (*Taggart* v. *Murray*, 53 N. Y. 233, 237.) Under the Revised Statutes a valid executory devise can be limited after a fee, upon the contingency of the non-execution of an absolute disposing power vested in the first taker. (R. S. [7th ed.], part 1, chap. 1, tit. 2, p. 2178, §§ 32, 33, art. 1; *Greyston* v. *Clark*, 41 Hun, 125, 133; *Wells* v. *Seeley*, 47 id. 109; *Spencer* v. *Strait*, 38 id. 228.) The tax accrues at the decease of the person from whom the estate passes, and this is so whether the estate passes in actual enjoyment, directly or remotely, upon the termination of an intervening life estate or term of years. (*Appeal of Mellon*, 114 Penn. St. 564.) Because there may be difficulty in arriving at the proper basis for fixing the value of the estate of Mary Griffin and her children, is not a good reason for not making an appraisal at all. (*People* v. *Coleman*, 107 N. Y. 542; *In re McPherson*, 104 id. 321.) Expectant future estates, as defined in the statutes, include all remainders, whether vested or contingent, and, as such, are descendible, devisable and alienable in the same manner as estates in possession. (*Dodge* v. *Stephen*, 105 N. Y. 588.)

*A. P. Rich* for respondents. If the gift in the first clause of the will by the testator, absolutely to his wife of all of his property, both real and personal, is not limited by the subsequent words in the same clause, so that she does not have the absolute power of disposal, then the subsequent clause, giving the remainder to Mary Griffin and her children, is void for repugnancy, and the widow takes a fee in the real property, and the absolute ownership of the personal property. (*Cohen* v. *Cohen*, 4 Red. 48; *Tyson* v. *Blake*, 22 N. Y. 558; *Campbell* v. *Beaumont*, 91 id. 464; *Thomas* v. *Pardee*, 12 Hun, 151.) If the first clause of the will does limit the absolute power of disposal of the property, then the widow takes a life estate in all the property, with full power to dispose of the same, or any portion thereof, during her life, for her use

and enjoyment, and what remains at her death, if any, goes to Mary Griffin and her children. (*Spencer* v. *Strait*, 38 Hun, 228; *Smith* v. *Van Ostrand*, 64 N. Y. 278; *Terry* v. *Wiggins*, 47 id. 512.) The estate given to Mary Griffin being less than $500, would not be liable to an assessment in any event. (*In re Smith*, 5 N. Y. S. R. 380; *In re Astor*, 14 id. 478.

RUGER, Ch. J. While we concur in the reversal by the General Term of the decree of the surrogate, imposing taxes upon the interest devised, to some of the legatees, by the will of William Cager, we do not approve of the reasons assigned therefor by that court. So far as a tax was levied upon the life estate, attempted to be devised to Mary Griffin, its value as assessed by the appraiser being less than $500, it was not subject to taxation by the law under which the proceeding was instituted. (§ 1, Chap. 483, Laws of 1885.)

That act was intended to authorize the imposition of taxes upon devises to collateral relatives and strangers, only when the estate devised to them, individually, exceeded in value the sum of $500. The tax is upon the individual, and can be imposed only when the particular interest devised exceeds in value the amount of the limitation provided by the statute. So, too, the question in this case is not affected by the amendment made to the law of 1885, by chapter 713 of the Laws of 1887, exempting legacies to adopted children from the operation of the law, as the tax, in this case, was adjudicated and imposed by the surrogate April 26, 1887, and before the amendment took effect.

We are thus brought to the only question in the case, which is, whether the children of Mary Griffin took such an interest in the property devised by the will of William Cager as subjected them to the payment of a tax thereon by force of the acts referred to? This question is to be determined by a consideration of the provisions of that will. The portions affecting the question involved read as follows:

" *First.* After all my lawful debts are paid and discharged,.

I give, devise and bequeath all my estate, both real and personal, of what nature and kind soever, to my wife, Mary Cager, to be used and enjoyed, and *at her disposal* during the term of her natural life.

"*Secondly.* I give and devise one-third of my real estate and personal property, *that may remain* at the decease of my wife Mary Cager, to my adopted daughter Mary Griffin, that is to say, the use of said one-third during her natural life.

" *Thirdly.* I further devise and bequeath, at the decease of my wife Mary Cager, the *remaining* two thirds of the real estate and personal property to the present heirs of the aforesaid Mary Griffin, namely, Eva Griffin, William C. Griffin, Frank Griffin and George Griffin, share and share alike.

" I further devise and bequeath, that at the decease of my adopted daughter Mary Griffin, the one-third (as above stated) of which she has had the use, shall be divided between the present heirs of aforesaid Mary Griffin, share and share alike."

The report of the appraiser, appointed by the surrogate to appraise the value of the property devised to the various legatees, shows that he assessed the value of the estate devised, respectively, to the children of Mary Griffin, upon two theories, leaving the question to the surrogate to determine upon which theory the tax, if any, should be assessed. Upon the theory that the widow took a life estate only in the property, he found the value of that devised to the several children of Mary Griffin to be the sum of $640.96 each; but in case the interest devised to the widow was an estate in fee, or a life estate with power of disposition, he was of opinion that such legacies had no market-value whatever.

The surrogate adopted the former view and assessed the value at the sum named by the appraiser. In this we think he erred. We are of the opinion that the widow took a life estate in the property devised with a limited power of disposition for her use and enjoyment, and that any interest in the other legatees was dependent upon the contigency whether the power of disposition was exercised by the life tenant during her life. The meaning and effect of the will must be

sought in the language employed by the testator, and when that is discovered, must be carried into effect by the court.

The language giving all of his estate to his widow, to be used and enjoyed and at her disposal, followed, as it is, by a limitation over of such of the estate as might remain at the decease of his wife, clearly imports an intention to confer upon the widow the power to dispose of the *corpus* of the estate. (*Van Horne* v. *Campbell*, 100 N. Y. 287; *Smith* v. *Van Ostrand*, 64 id. 278; *Terry* v. *Wiggins*, 47 id. 512.)

We think, however, that the power of disposition given to the widow was not intended to be absolute and unconditional, but was limited by the language devising the property, for her use and enjoyment during her life, and did not give her the power of disposing of it by will. This limitation, therefore, operated as a restraint upon the power of alienation, and prevented the estate devised to her, from being defined as an absolute estate in fee.

The devises, therefore, to Mary Griffin and her children were not in any sense repugnant to the prior estate, and may be sustained as valid executory devises. (Authorities *supra*.) The effect of these conclusions is to destroy the basis upon which the surrogate proceeded in imposing the tax and justified the reversal of his order. While it is possible that the legatees may eventually take a valuable estate, under the will of William Cager, that event, being contingent upon the non-exercise by his widow of the power of disposition, renders the present appraisable value of such interest incapable of any correct or reasonably approximate valuation. When the present value of property, which is devised to one with a limitation over to others, upon the happening of some event which may or may not occur, can be ascertained, then a ground upon which an approximate estimate of the value of the ultimate devise appears, and it may be made; but when the question as to whether any property at all shall pass under the limitation over, and, if so, how much, depends upon the will of the first taker, we are unable to see any rule by which such value can be determined.

In the case first mentioned, the act enables a tax to be imposed and collected upon the ulterior devisees, through the medium of a bond to be given by the respective legatees, payable when they come into the possession of the devised property. (§ 2 chap. 483, Laws of 1885.) In the latter case, however, there is no basis upon which the value of the devise can be appraised, and no foundation for the imposition of any tax and the provision for the giving of a conditional bond is, therefore, wholly inapplicable.

Whether an appraisal of the value of these devises, for the purpose of taxation, may be made when they eventually come to the possession of the devisees, we are not called upon now to determine. It may be that the tax will be altogether lost to the state if an appraisal is not now allowed; but if so, the fault lies in the act itself and not in the construction which its language requires to be put upon it.

The order of the General Term should, therefore, be affirmed. All concur.

Order affirmed.