IN THE MATTER OF THE FINAL ACCOUNTING OF FRANCES A. FRENCH, AS EXECUTRIX OF THE WILL OF PHEBE E. HITCHCOLK.

*Surrogate — when authorized to give a construction to provisions of a will relating to real property.*

Where a testatrix, by her will, gives her personal estate to her husband to do with it as he shall think best during his lifetime, with power to use so much thereof as he may wish during his lifetime, and directs that after his death whatever then remains in his hands up to a certain amount shall go to the daughter of the testatrix, the will operates on whatever is in the hands of the husband, constituting a portion of such estate, at the time of his decease.

Such portion of the estate remaining in the hands of the husband at the time of his death cannot be affected or disposed of by his will.

*Matter of Cager* (111 N. Y., 343) followed.

Where it is necessary, in order to determine questions arising on the accounting of an executor, to give a construction to provisions of the will of the testator which refer to both real and personal estate, the surrogate has jurisdiction, as incident to his right to entertain such proceeding, to construe such provisions of the will.

APPEAL by Augusta H. Simpson from a decree made by the surrogate of Delaware county on the 5th day of April, 1888.

Phebe E. Hitchcolk died on the 31st day of March, 1886, leaving a will dated July 22, 1884, in which were the following provisions:

"*First.* I give, devise and bequeath unto my husband, John Hitchcolk, all of my real estate, situate in said town of Davenport, to do with as he shall think best.

"*Second.* I give, devise and bequeath unto my said husband all and every kind of my personal property, consisting in part of mortgages, bonds, notes and money, etc., and wish my said husband to do with said property as he shall think best during his lifetime, without any let or hindrance from any source whatever.

"*Third.* I give, devise and bequeath unto my daughter, Mrs. F. A. Churchill, the sum of eight thousand dollars, to be paid her out of my real and personal estate at and after the death of my said husband, provided there be that amount in my husband's hands at his decease.

" *Fourth.* I wish it to be distinctly understood that my said husband may use so much of my real and personal estate as he may wish to during his lifetime, and at his death, if there be the sum of eight thousand dollars remaining in his hands, that that amount be paid to my daughter, Mrs. F. A. Churchill; and if there be not the sum of eight thousand dollars in his hands, then, and in that case, it is my wish that my said daughter have and receive whatever then remains in my said husband's hands, to do with as she shall think best.

" *Fifth.* I do hereby nominate and appoint and constitute my husband, John Hitchcolk, my executor, and my daughter, Mrs. F. A. Churchill, now of the city of New York, my executrix, of this my last will and testament."

John Hitchcolk, the husband of Phebe E. Hitchcolk, died on 10th June, 1886, leaving a will bearing date May 5, 1886, in which, after divers provisions not material here, he gave all the rest of his property, real and personal, to his two daughters, Mrs. French, formerly Churchill, and Mrs. Simpson, share and share alike, and appointed them executrices. In this will no reference was made to the will of Mrs. Hitchcolk, or to the property therein named. The will of Mrs. Hitchcolk was admitted to probate, as a will of real and personal property, on 26th July, 1886, and letters were issued to the executrix. The will of John Hitchcolk was, in like manner, admitted to probate on 27th July, 1886, and letters were issued to the executors. After the death of Mrs. Hitchcolk her husband did not use or expend for himself or his benefit any part of the personal property of his wife, and the securities in the hands of the executrix, and accounted for on the accounting, are the original securities owned by Mrs. Hitchcolk at her death, and that were passed over to the executrix without change. After the payment of debts and expenses there remained in the hands of the executrix, of the personal estate of Mrs. Hitchcolk, the sum of $2,606.22. This amount the surrogate decreed should be paid to Mrs. French upon the legacy to her of $8,000.

*Edwin D. Wagner*, for the contestant, appellant.

*Hallock, Jennings & Chase*, for Frances A. French, executrix, respondent.

MERWIN, J.:

The question in this case is whether John Hitchcolk, under the will of his wife, became the absolute owner of her personal estate, or was vested with the power to dispose of it by his will. If there was such a power, his will was in form sufficient to operate as an execution of it and pass the title to the residuary legatees therein named. (*Hutton* v. *Benkard*, 92 N. Y., 295.)

Mrs. Hitchcolk, by the second clause of her will, gave to her husband all her personal property, wishing him to do with it as he should think best during his lifetime. By the third clause she gave to her daughter, then Mrs. Churchill, $8,000, to be paid her out of her real and personal estate, at the death of her husband, provided there was that amount in her husband's hands at his decease.. By the fourth clause she wishes it to be distinctly understood that her husband might use so much of her real and personal estate as he might wish to during his lifetime, and that at his death whatever then remained in his hands, to the extent of $8,000, should be paid to her daughter.

In *Greyston* v. *Clark* (41 Hun, 125), by the will there under consideration, the testator in the first clause gave and devised all his real and personal property to his wife, absolutely to have and to hold for her own use and benefit forever, and with full power and authority to sell or mortgage as she thought proper. In the second clause the testator provided that, on the death of his wife, " whatever property that she may die seized of that belonged to me and remains in her by virtue of this will, shall be divided " among others named. It was held that the widow had no power to dispose of any portion of her husband's estate by her will, and that so much thereof as remained in her hands undisposed of at the time of her death passed under her husband's will to the other parties.

In *Wells* v. *Seeley* (47 Hun, 109) the testator gave all the rest and residue of his estate to his wife, " to be held and used by her as she shall see fit and proper during the full term of her life, and at her death if any part of my said estate shall remain unexpended, then and in that case I give and bequeath such remaining portion " to other parties. It was held that the widow had a life estate in the residue, with the power to use such portion thereof as she should

deem proper for her support during her life, and that the provision as to the remainder, if any remained unexpended, was valid.

*In Matter of Cager* (111 N. Y., 343), recently decided by the Court of Appeals, the testator gave all his estate, after the payment of debts, to his wife, " to be used and enjoyed and at her disposal during the term of her natural life," and what might remain at her decease he gave to other parties. It was held that while the widow had the power to dispose of the *corpus* of the estate, such power was not absolute and unconditional, but was limited by the language devising the property for her use and enjoyment during her life, and did not give her the power of disposing of it by will.

These cases seem quite analogous to the present. Here there is a gift of the personal estate to the husband to do with it as he shall think best during his lifetime, with power to use so much as he may wish during his life, and at his death whatever then remains in his hands, to the extent of $8,000, is given over to the daughter. The will operates in express terms on whatever is in the hands of the husband at his decease. That necessarily carries with it the idea that the husband by will cannot affect it. The intent on that subject seems very clear. The testatrix evidently contemplated that something would be left at her husband's death, but that there might not be $8,000. No provision is made for any excess over that amount. The inference is quite strong that none was contemplated. Many cases, earlier than those above referred to, have been cited, some of which are not entirely harmonious. It does not seem necessary to consider them here. The Cager case contains the latest expression of the views of the Court of Appeals, and that and the Greystone case are quite in point here. I am, therefore, of the opinion that the will of John Hitchcolk did not operate upon the balance of Phebe Hitchcolk's estate remaining at his death, but that such balance is properly applicable on the $8,000 legacy. The decree of the surrogate in that respect is, therefore, correct.

It is further claimed by the appellant that the surrogate had no right to construe the will as to the real property, and that he erroneously assumed to do so in deciding that whatever remained unused and unexpended of the property of said deceased, to the amount of $8,000, passed, on the death of said John Hitchcolk, to Frances A. French. The construction of the will was necessary to determine

the questions arising on the accounting, and in such a case jurisdiction to construe a will attaches as incident to that proceeding. (*Purdy* v. *Hayt*, 92 N. Y., 450.) The real and personal were mingled in the provisions to be construed.

In order to determine the status of the personal, it was necessary to consider and pass upon the provisions referring to both real and personal. The real estate was not in question before the surrogate, and there is no specific adjudication about it. The decree affects only the personal estate, and whatever determination is made by the surrogate upon the question of construction relates very evidently, in its effect, only to the subject-matter then before the surrogate. The surrogate in this regard did not exceed his jurisdiction.

It follows the decree appealed from should be affirmed, with costs.

HARDIN, P. J., and MARTIN, J., concurred.

Decree of the surrogate of Delaware county affirmed, with costs.