---

(37 Misc. Rep. 445.)

### In re BABCOCK'S ESTATE.

(Surrogate's Court, Delaware County. March, 1902.)

TRANSFER TAX—UNDETERMINED REMAINDER.

> Where testatrix devised to her brother during his life all her personal property, with a right to use as much of the principal as was necessary, no transfer tax can be assessed against the remainder, as it cannot be determined until the death of the life tenant how much of the principal will be used by him.

In the matter of the estate of Amelia N. Babcock, deceased. Appeal by William E. Brown, executor, from assessment. Order of assessment set aside.

Curtiss, Arms & Keenan, for appellant.
Barna Johnson, for comptroller.

GRANT, S. The testatrix, by her will, after making certain specific bequests, makes the following bequest:

"Third. I give, devise, and bequeath to my brother, William E. Brown, the use during his life of all the personal property of which I may die seised; and if the use thereof is not sufficient to suitably clothe, care for, and maintain him, then he is to have and use as much of the principal thereof as is necessary. Fourth. After the decease of my brother, W. E. Brown, if there remains unused by him any of the personal property, I give, devise, and bequeath the same as follows."

Then follow the names of strangers, and nieces and nephews of the testatrix's husband.

The question here presented is, should any tax be assessed and collected at the present time from the interests given by this will to the remainder-man, in view of the power given by the will to the brother to have and use as much of the principal as is necessary to suitably clothe, care for, and maintain him, which may take the greater part or all of the estate? Prior to the passage of chapter 76, Laws 1899, the rule with reference to taxing this class of contingent interests given by wills, which may or may not become vested, depending upon the chance of uncertain future events, had been to postpone taxation of such interests until the contingency is settled, and the clear market value of the property transferred can be ascertained and determined. In re Cager's Will, 111 N. Y. 343, 18 N. E. 866; In re Curtis, 142 N. Y. 219, 36 N. E. 887; In re Roosevelt's Estate, 143 N. Y. 120, 38 N. E. 281, 25 L. R. A. 695.; In re Hoffman's Estate, 143 N. Y. 327, 38 N. E. 311; In re Westurn's Estate, 152 N. Y. 93, 46 N. E. 315. This rule is, in my opinion, controlling in this case, unless the legislature, by chapter 76, Laws 1899, amending section 230 of the taxable transfer laws, has changed the time of appraising and taxing such interests, by requiring the same to be immediately appraised and assessed, and the tax paid by the executor. The attorney for the comptroller contends that the interests given by the will of the testatrix, in the fourth clause, should be immediately appraised, assessed, and the tax paid, under the following clause of section 230, as amended by chapter 76, Laws 1899:

"When property is transferred in trust or otherwise, and the rights, interests or estates of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this article, and such tax * * * shall be due and payable forthwith out of the property transferred."

Section 222 of the taxable transfer law provides that:

"All taxes imposed by this article shall be due and payable at the time of the transfer: provided, however, that taxes upon the transfer of any estate, property or interest therein limited, conditioned, dependent or determinable upon the happening of any contingency or future event by reason of which the fair market value thereof cannot be ascertained at the time of the transfer, as herein provided shall accrue and be due and payable when the persons or corporations beneficially entitled thereto shall come into actual possession or enjoyment thereof."

There is nothing in the amendment of section 230 by chapter 76 of the Laws of 1899 indicating an intention to repeal or limit section 222, respecting the appraisement of this class of conditional transfers. The section, as amended, contains a clause indicating that the legislature did not expect all taxable estates could be appraised immediately upon this transfer, to wit:

"Whenever a transfer of property is made, upon which there is, or in any contingency there may be, a tax imposed, such property shall be appraised at its clear market value immediately upon such transfer, or as soon thereafter as practicable."

This provision clearly contemplates that there may be cases where it would be impracticable to appraise the property immediately upon the transfer. The term, "or as soon thereafter as practicable," was evidently embodied in the act for a purpose, and I can conceive of no purpose it could serve unless it was intended to postpone the time of the appraisal and assessment of estates of this character until such time as the clear market value of the estate transferred could be ascertained and determined. The language of the amendment relied upon by the respondent, "and such tax shall be due and payable forthwith out of the property transferred," does not necessarily mean that the property transferred shall be immediately appraised and assessed, in cases where the clear market value cannot be ascertained and determined. Nor does it mean that the tax shall be due and payable forthwith, "out of the property transferred," before the property transferred is appraised, and the amount of the tax ascertained and determined. In this case the clear market value of the property transferred cannot be ascertained until the death of William E. Brown. To tax the estate at the present time would be, in the event nothing should ultimately pass to the remainder-men, imposing a tax upon the property and not upon the transfer, in direct conflict with the whole theory of the transfer tax. The case is similar in principle to those in which the court has applied the rule that in cases of future contingent interests given by will, which might not become vested, and also in cases where, although there may have been a technical vesting of a future estate, the estate was liable to be devested before it came into actual enjoyment of the persons beneficially entitled thereto, the appraisal should be postponed until the clear market value of the property transferred can be ascertained. In re Curtis; In re Roosevelt's Estate; In re Hoffman's Estate, supra.

In Re Cager's Will, supra, Judge Ruger says:

"When the present value of property which is devised to one, with a limitation over to others upon the happening of some event which may or may not occur, can be ascertained, then a ground upon which an approximate estimate of the value of the ultimate devise appears, and it may be made; but when the question as to whether any property at all shall pass under the limitation over, and, if so, how much, depends upon the will of the first taker, we are unable to see any rule by which such value can be determined."

In this case the appraisal was postponed until such time as the value of the property transferred could be ascertained.

In Re Roosevelt's Estate, supra, Judge Bartlett says:

"It is not to be assumed that the legislature intended to compel the citizen to pay a tax upon an interest he may never receive, and the reasonable construction of this statute leads to no such unjust result."

In Re Curtis, supra, Finch, J., says:

"If that technical vesting be admitted, what so passed was rather a theoretical possibility than a tangible reality, for the life estate was in the trustee of the daughters, carrying the whole beneficial use; there was no power over it in the contingent remainder-man; and the nominal and technical fee might never become a taxable estate. It was never intended by the law to tax a theory having no real substance behind it."

In Re Hoffman's Estate, supra, the court held "that mere possibilities or chances of the acquisition of property, including not only contingent estates, but also estates technically vested, but liable to be devested, were not liable to taxation until the contingencies had passed or been fulfilled, and the right to succeed to property become certain and absolute, and the tax ought not to be imposed until events make it certain that there is a beneficial transfer of property to the beneficiary." The same doctrine is recognized in Re Dows' Estate, 167 N. Y. 227, 60 N. E. 439.

An order may be entered vacating and setting aside the order assessing the tax herein, and the time for appraising and assessing the tax upon the interest transferred by the will of Amelia N. Babcock may be postponed until such time as the clear market value can be ascertained and determined.