(58 Misc. Rep. 94.)

## In re PIERSON.

(Surrogate's Court, Schuyler County. February, 1908.)

1. WILLS—CONSTRUCTION—ESTATE IN REMAINDER.

Testator gave all his estate to his wife for life, with the right to use any part thereof at her discretion and with power to sell any of it. *Held*, that the right to use the estate, with the power to sell, was not an absolute power which would vest absolute ownership in the widow, but that she took a life estate only, and that an estate in remainder on the death of the widow passed such portion of the estate as had not been conveyed during the widow's lifetime.

2. EXECUTORS AND ADMINISTRATORS—ADMINISTRATOR WITH WILL ANNEXED.

Where a widow was the sole executrix of her husband's will under which she took the property for life, with the right to use as much as she wished, on her death without having disposed of the entire estate, letters of administration with the will annexed should issue.

In the matter of the estate of Asahel N. Fillmore. Decree for issue of letters of administration entered.

Asahel N. Fillmore died at the town of Dix, Schuyler county, N. Y., on the 23d day of August, 1880, leaving a last will and testament which reads as follows:

"Will.

"In the name of God, Amen, I, Asahel Norton Fillmore, of the village of Watkins, county of Schuyler and State of New York, of the age of 71 years & being of sound mind and memory do make and publish and declare this my last will and testament in manner following that is to say:

"I give and bequeath to my beloved wife Lovina Atwell Fillmore the use and control of all my real and personal estate during the period of her natural life, with the right to use or dispose of any part thereof at her discretion: and I hereby empower her to sell and convey any real or personal estate of which I may die possessed or to which I may die entitled.

"And I do hereby appoint my beloved wife Lovina Atwell Fillmore to be the executrix of this my last Will and Testament if she should survive me.

"And I further direct that on the decease of myself and wife, and my two daughters, viz: Lydia Ann Fillmore Hunt and Helen Augusta Fillmore Newman, survive us that the property real and personal be sold except the library, household furniture & family relics, which shall be equally divided between them, and the avails of the sale of said real and personal property which shall be divided into two equal parts. One equal part to be given and bequeathed to Lydia Ann Fillmore Hunt who shall have the use and control of the interest thereof during her natural life. She shall give good security by bond and mortgage or otherwise that after her death it shall be divided equally among her children.

"And the other equal part I give and bequeath to my other daughter Helen Augusta Fillmore Newman and she is to have the use and control of it during her natural life, and after her death it is given and bequeathed to her child or children should she have any.

"And I further direct that if the said Helen Augusta Fillmore Newman has no child or children that at such time as she shall see fit she make her last Will and Testament and give and bequeath to the Missionary Society of the Methodist Episcopal Church or to the Woman's Foreign Missionary Society of the Methodist Episcopal Church, or a part to each at her own discretion, the sum of Five Thousand dollars to be paid either before or after her decease at her own discretion.

"And I further direct that, in case Helen Augusta Fillmore Newman should die before the decease of her mother Lovina Atwell Fillmore, that all the property which is bequeathed to her shall become absolutely the property of her mother.

"In Witness whereof I have hereunto set my hand and seal this twelfth day of August in the year of our Lord one thousand eight hundred and seventy-nine.                 Asahel Norton Fillmore [L. S.]"

The will was admited to probate on the 10th day of September, 1880, and letters testamentary were on that day issued to Lovina Atwell Fillmore, the executrix named in the will. The executrix filed no inventory and rendered no account of her proceedings. On the 26th day of November, 1886, the said executrix, Lovina Atwell Fillmore, died; and on the 2d day of June, 1891, Helen Fillmore Newman and Lydia Ann Fillmore Hunt presented to the Surrogate's Court their duly verified petition, praying for the appointment of Helen Augusta Fillmore Newman as administratrix with the will annexed; and on the same day letters of administration with the will annexed were issued to Helen Augusta Fillmore Newman. On the 8th day of June, 1891, Lydia A. Hunt executed and duly acknowledged, and, on the 13th day of June, 1891, caused to be filed in the Surrogate's Office, a receipt and release as follows: "This is to certify that I have received from Helen F. Newman, the administratrix of the estate of Asahel N. Fillmore, deceased, late of Watkins, N. Y., the full amount and sum and all property due to me under the will of said deceased, and hereby authorize the surrogate of Schuyler county and the Surrogate's Court of said county to discharge and release the said Helen F. Newman of and from all duties and responsibilities as such administratrix of said deceased, and finally discharge her from said office, and I hereby waive the service of any and all citations and notices required or necessary for the settlement and allowance of the accounts of said administratrix or her discharge." On the 13th day of June, 1891, the following decree or order was made and entered: "On reading and filing the release and consent signed and duly acknowledged by Lydia Ann Hunt, dated June 8, 1891, and upon the application of Helen F. Newman, the administratrix with the will annexed of Asahel N. Fillmore, late of the village of Watkins, N. Y., deceased. It is ordered that said Helen F. Newman be discharged from the performance of any further duties as such administratrix, it appearing that she and the said Lydia Ann Hunt are the only persons interested in the estate of said deceased." No inventory of the assets of the estate or account of her proceedings as administratrix with the will annexed was filed by the said Helen F. Newman. Lydia A. Hunt died in July, 1902. Helen F. Newman died on the 29th day of November, 1906, leaving a last will and testament which has been duly admitted to probate. Lovina Atwell Fillmore died, intestate, on the 25th day of November, 1886. Mary N. Hunt and Helen L. Hunt, daughters of Lydia Fillmore, and sisters of the petitioner, have filed a written answer wherein they allege that the estate of the decedent has been fully settled, and that, under the will of the decedent, Lovina Atwell Fillmore became the absolute owner of the personal property and the owner in fee of the real estate of which the decedent died seized or possessed.

Gilbert H. Baker, for petitioner.

S. C. Keeler, for Missionary Society of the Methodist Episcopal Church and the Woman's Foreign Missionary Society of the Methodist Episcopal Church.

O. P. Hurd, for contestants, Mary N. Hunt and Helen L. Hunt.

NYE, S. If the contention of the attorney for the contestants that Lovina Atwell Fillmore, the widow of the testator, took absolute title to all the property of the testator is correct, the petition should be dismissed, and the application for the appointment of an administrator with the will annexed denied. The intent of a testator is the guiding and controlling rule of interpretation, and frequently requires a disregard of the usual technical meaning of words and phrases, and when necessary such technical meaning must yield to the evident intent of the testator. Rules of construction are resorted to as helps or aids in arriving at the intent of a testator, and ought not to be followed when they lead to results subversive of such intent. Lytle v. Beveridge, 58 N. Y. 598.

In Norris v. Beyea, 13 N. Y. 273, the court says:

"It is an obvious dictate of reason, as well as a settled principle of law, that all the parts of an instrument are to be taken together in ascertaining its meaning, and that no part of it should be rejected as inoperative if the whole can reasonably stand together."

A devise or bequest of property indefinitely, with an absolute power of disposition, usually vests in the legatee the full estate in absolute ownership, if the property is personal in its nature, and in fee, if it is real estate. Van Horne v. Campbell, 100 N. Y. 287–302, 3 N. E. 316, 771, 531 Am. Rep. 166. The devise and bequest to Lovina Atwell Fillmore is not indefinite. It is "during the period of her natural life." It seems clear that it was the intention of the testator to give to Lovina Atwell Fillmore the right, during the period of her natural life, to use all of his estate, both real and personal, for her use and benefit, with limitation over as to what, if any, remained at her death.

The language of the will is:

"I give and bequeath to my beloved wife Lovina Atwell Fillmore the use and control of all my real and personal estate during the period of her natural life, with the right to use or dispose of any part thereof at her discretion; and I hereby empower her to sell or convey any real or personal estate of which I may die possessed or to which I may die entitled."

To sell or convey when, or for what purpose? We think the testator meant and intended during the lifetime of Lovina Atwell Fillmore and whenever in her judgment or discretion it might be necessary for her support and maintenance, or for the best interest of his estate. The power is conferred the better to secure to the devisee the benefit of the property "during the period of her natural life." The power was to be exercised during her life, and not at her death. An absolute power of disposal includes a power to dispose of by will, as well as by sale or otherwise during life, which is incompatible with a mere life estate; and such power is not given by the terms of this will. The words of the power, in the connection in which they are used, clearly indicate an intention to authorize a disposition of the estate by the devisee, only by a conveyance which should take effect during her lifetime; and the whole scope of the will tends to the same conclusion. It was not the intention of the testator to confer upon her the power to dispose of the property by will upon any object of her bounty.

In Kelley v. Hogan, 71 App. Div. 345, 76 N. Y. Supp. 6, the court says:

"This power of disposition by will has been regarded as a controlling element and a crucial test upon the question as to whether the estate given is absolute or defeasible. If the legatee can only dispose of the estate during life, then the limitation over has been sustained, because within the protection of the statute."

From the language of the will it is apparent that the testator did not intend to confer upon Lovina Atwell Fillmore the right to dispose of the corpus of the estate by will.

That a testator may devise his property to a person during life, giving such person an additional power of disposal, without enlarging the estate to a fee, is well settled. Terry v. Wiggins, 47 N. Y. 512;

Thomas v. Wolford, 49 Hun, 145, 1 N. Y. Supp. 610. The testator's intention is to be ascertained, if possible, and will control.

It was held in Greyston v. Clark, 41 Hun, 125, where the will gave to a wife real and personal property "absolutely * * * and with full power and authority to sell or mortgage as she thinks proper," and provided that such of the property as remained when she died should be divided among others, that "the estate given by the testator to his wife was of such a nature that she could dispose of it all during her lifetime for any purpose she should judge to be for her use or benefit," but could not dispose of it by will; and so much as remained was to be divided as directed by the testator. In Rood v. Watson, 54 Hun, 85, 7 N. Y. Supp. 212, cited by counsel for contestants, the language of the will is:

"I hereby give and bequeath to my wife, Jane A. Watson, all my estate, real and personal, to have and to hold in her natural life, right to have and to use as she may choose, except that I give and bequeath to our adopted daughter, Julia S. Marble, * * * the sum of $1,600 for her to have and to use her natural life, the same to pass to her children after her decease, provided they live to the age of twenty-one years. If they should die before that age, then at the death of said Julia this legacy shall revert to the estate."

The court says the words "in her natural life" were probably intended to be used for the phrase, "for her natural life." If they are taken to mean the same as that phrase, the property was given to Mrs. Watson for life, with power of disposition. If there were a devise over of the property, or what was left of it, the courts, to carry into effect the whole intention of the testator, would probably hold that, while she had the absolute power to use what she chose of the estate, the limitation over would be good as to what remained.

In Wells v. Seeley, 47 Hun, 109, the testator gave all the rest and residue of his estate to his wife, "to be held and used by her as she shall see fit and proper during the full term of her life, and at her death, if any part of my said estate shall remain unexpended, then, and in that case, I give and bequeath such remaining portion" to other parties. It was held that the widow had a life estate in the residue, with the power to use such portion thereof as she should deem proper for her support during her life, and that the provision as to the remainder, if any remained unexpended, was valid. In Matter of Cager, 111 N. Y. 343, 18 N. E. 866, the testator gave all his estate, after the payment of debts, to his wife, "to be used and enjoyed and at her disposal, during the term of her natural life"; and what might remain at her decease he gave to other parties. It was held that while the widow had the power to dispose of the corpus of the estate, such power was not absolute and unconditional, but was limited by the language devising the property for her use and enjoyment during her life and did not give her the power of disposing of it by will. In Matter of French, 52 Hun, 303, 5 N. Y. Supp. 249, the testatrix, by the second clause of her will, gave her husband all her personal property, "and wish my said husband to do with said property as he shall think best during his lifetime." By the third clause she gave to her daughter the sum of $8,000 to be paid out of her real and personal estate at her husband's death, if there should be that amount in his hands. By the fourth clause she

wished it to be distinctly understood that her husband might use so much of her real and personal estate as he might wish during his lifetime, and that, at his death, whatever then remained in his hands to the extent of $8,000 should be paid to her daughter. Held that as to the personal property, to the extent of $8,000, the husband had only a power of sale and could not dispose thereof by will.

The language giving to Lovina Atwell Fillmore the use and control of all the real and personal estate during the period of her natural life, with the right to use or dispose of any part thereof at her discretion, followed, as it is, by limitation over of such of the estate as might remain at her decease, clearly imports an intention to confer upon the said Lovina Atwell Fillmore the power to dispose of the corpus of the estate. We think, however, that the power of disposition given to the said Lovina Atwell Fillmore was not intended to be absolute and unconditional, but was limited, by the language devising and bequeathing the property, for her use during her life, and did not give her the power of disposing of it by will. This limitation, therefore, operated as a restraint upon the power of alienation, and prevented the estate devised to her from being defined as an absolute estate in fee. The general scheme of the will seems apparent. The testator intended, first, to give to his wife all of his estate for life, with full power of disposal during her life for her personal use and maintenance; and, second, to give so much of the residue as should remain undisposed of at the death of his wife to his daughters Lydia Ann Fillmore Hunt and Helen Augusta Fillmore Newman for and during the term of their natural lives, to be divided equally between them share and share alike; and at the death of Lydia Ann Fillmore Hunt the share, the use of which is given to her for her use and control during the term of her natural life, to be divided equally among her children, and at the death of Helen Augusta Fillmore Newman the share, the use of which is given to her for her use and control during the term of her natural life, to go to her child or children if she have any. This disposition seems clearly indicated by the terms of the will; and the limitation over is not repugnant to the devise to the wife during the period of her natural life, and is not invalid for the reason that it was in the power of the wife to defeat it by disposing of the property during her life. The order entered on the 13th day of June, 1891, discharging the administratrix with the will annexed, was not a decree whereby an account was judicially settled within the provisions of section 2551 of the Code of Civil Procedure. The petitioner, who was a necessary party to the proceedings for a final judicial settlement of the account of proceedings of the administratrix with the will annexed, was not cited, and was not made a party to the proceeding. The evidence does not clearly disclose the value of the estate which remains unadministered, but it does appear from the petition for letters of administration with the will annexed, filed November 26, 1886, that a mortgage of $1,000 remained unsatisfied. No question has been raised as to an equal or prior right on the part of the contestants to be appointed.

A decree may be entered directing that letters of administration with the will annexed issue to the petitioner Charlotte H. Pierson, upon her qualifying as such and filing an undertaking in the sum of $3,000, with sureties to be approved by the surrogate. Decreed accordingly.